660 So.2d 1371 (1995)
STATE of Florida, Appellant, Cross-Appellee,
v.
Alan Gilman IACOVONE, Appellee, Cross-Appellant.
No. 84215.
Supreme Court of Florida.
September 21, 1995.
*1372 Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law and Kimberly D. Nolen, Assistant Attorney General, Tampa, for Appellant, Cross-Appellee.
James Marion Moorman, Public Defender and Karen Kinney, Assistant Public Defender, Tenth Judicial Circuit, Clearwater, for Appellee, Cross-Appellant.
SHAW, Justice.
We have for review Iacovone v. State, 639 So.2d 1108 (Fla. 2d DCA 1994), wherein the district court declared sections 784.07(3) and 775.0825, Florida Statutes (1991), invalid as applied to Alan Iacovone. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Alan Iacovone and Lori Cuervo began dating in 1985. They moved in together and had three children before the relationship deteriorated and Cuervo moved out with the children in 1991. Iacovone threatened Cuervo on several occasions and on Christmas morning, 1991, entered her apartment and argued with her and her father. After struggling with the father, Iacovone ran from the apartment and began beating on Cuervo's car with a hammer. When Deputy Hogsten approached, Iacovone ran to his own car and attempted to flee, striking the officer with the car.
Iacovone was convicted of attempted third-degree murder of a law enforcement officer and sentenced to thirty years' imprisonment with a twenty-five year mandatory minimum term pursuant to sections 784.07 and 775.0825, Florida Statutes (1991). The district court reversed the conviction, ruling that the statutes violate equal protection by punishing attempted third-degree murder of a law enforcement officer more harshly than the completed act. The State appeals.
Murder of a law enforcement officer is punishable as follows:

 First-degree murder ............ death or life without parole
 Second-degree murder ........... imprisonment not exceeding
 30 years, with a 25 year
 mandatory minimum term
 Third-degree murder ............ imprisonment not exceeding
 15 years, with a 15 year
 mandatory minimum term

See §§ 775.082, 775.0823, 782.04, Fla. Stat. (1991).
Section 784.07 addresses attempted murder of a law enforcement officer and makes the crime a life felony:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
§ 784.07(3), Fla. Stat. (1991).
Section 775.0825 in turn provides for a twenty-five year mandatory minimum term of imprisonment:
Any person convicted of attempted murder of a law enforcement officer as provided in s. 784.07(3) shall be required to serve no less than 25 years before becoming eligible for parole. Such sentence shall *1373 not be subject to the provisions of s. 921.001 [sentencing guidelines].
§ 775.0825, Fla. Stat. (1991).
It is the State's position that sections 784.07(3) and 775.0825 apply to all three degrees of murder and result in the following across-the-board penalty scheme:

 Attempted first-degree murder ........... Life or less than 40 years
 imprisonment, with a 25 year
 mandatory minimum term
 Attempted second-degree murder .......... Life or less than 40 years
 imprisonment, with a 25 year
 mandatory minimum term
 Attempted third-degree murder ........... Life or less than 40 years
 imprisonment, with a 25 year
 mandatory minimum term

The discrepancy recognized by the district court is apparent in this scheme in that the penalty for attempted third-degree murder of a law enforcement officer (i.e., life or forty years with a twenty-five year mandatory minimum) is vastly greater than the penalty for completed third-degree murder of a law enforcement officer (i.e., fifteen years with a fifteen year mandatory minimum). Further, the penalty for attempted second-degree murder of a law enforcement officer (i.e., life or forty years with a twenty-five year mandatory minimum) is significantly greater than the penalty for completed second-degree murder of a law enforcement officer (i.e., thirty years with a twenty-five year mandatory minimum).
The State argues that, although a "sentencing disparity" exists, this reading of the statutes does not violate equal protection because the State is afforded wide discretion when classifying crimes. The State urges that the legislature's intent to deter "lethal attacks" against law enforcement officers provides a reasonable basis for the sentencing classification notwithstanding the above-mentioned anomaly.
We find standard rules of statutory construction dispositive of this case without reaching the constitutional issue.[1]See Singletary v. State, 322 So.2d 551, 552 (Fla. 1975) ("[W]e adhere to the settled principle of constitutional law that courts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds.").
Under standard rules of construction, "it is our primary duty to give effect to the legislative intent; and if a literal interpretation leads to an unreasonable result, plainly at variance with the purpose of the legislation as a whole, we must examine the matter further." Radio Tel. Communications, Inc. v. Southeastern Tel. Co., 170 So.2d 577, 580 (Fla. 1964). Statutes, as a rule, "will not be interpreted so as to yield an absurd result." Williams v. State, 492 So.2d 1051, 1054 (Fla. 1986).
The legislature unquestionably intends to give law enforcement officers the greatest possible protection. See, e.g., Ch. 89-100, § 2(1), Laws of Fla. (enacting section 775.0823) ("[L]aw enforcement ... officers are constantly exposed to great risk of personal injury and death, and consequently are entitled to the greatest protection which can be provided through the laws of this state."). This goal undoubtedly played a role in the enacting of sections 784.07(3) and 775.0825.
We fail to see how this goal is furthered by applying sections 784.07(3) and 775.0825 to all degrees of murder. If the purpose of the statutes is to discourage lethal attacks against law enforcement officers, as the State contends, then the penalty for the completed crime should be greater, not less, than the penalty for the attempt. Otherwise, a criminal who attempts to murder a law enforcement officer would have a substantial incentive to complete the act in order to avoid exposure to the harsher penalty. The State's interpretation thus would seem to encourage, not discourage, lethal attacks. This is an irrational result.
When the statutes are limited to first-degree murder, they result in a sensible scheme. The penalty for attempted first-degree *1374 murder is enhanced when undertaken against a law enforcement officer, and the penalty for the completed act of first-degree murder of a law enforcement officer is greater than the penalty for the attempt. This is a logical arrangement that reasonably advances the legislature's goal of providing law enforcement officers with the greatest protection possible under state laws.
We hold that sections 784.07(3) and 775.0825 apply only to first-degree murder. We affirm the decision of the district court of appeal.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Were we to address the constitutional issue, the penalty scheme proposed by the State would face formidable due process hurdles. See, e.g., State v. Saiez, 489 So.2d 1125, 1128 (Fla. 1986) ("[T]he guarantee of due process requires that the means selected shall have a reasonable and substantial relation to the object sought to be obtained... .").