667 So.2d 996 (1996)
Bergent NEWBOLD, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2434.
District Court of Appeal of Florida, Third District.
February 14, 1996.
*997 McCrary & Mosley and Jesse J. McCrary, Jr., Miami, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before HUBBART, JORGENSON and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the defendant Bergent Newbold from judgments of conviction and sentences for five counts of attempted second-degree murder of a law enforcement officer [§§ 782.04(2), 784.07(3), 775.0825, Fla. Stat. (1993)]; one count of carrying a concealed weapon [§ 790.01(2), Fla.Stat. (1993)]; and one count of unlawfully discharging a firearm in public [§ 790.15(1), Fla.Stat. (1993)]. We reverse in part and affirm in part.
The sole point raised by the defendant on appeal is that it was fundamental error to convict and sentence the defendant for five counts of attempted second-degree murder of a law enforcement officer under Section 784.07(3), Florida Statutes (1993), because (a) the subject statute is facially unconstitutional, and (b) the subject statute is only applicable, in any event, to attempted first-degree murder of a law enforcement officer. We do not reach the constitutional issue presented, but conclude that (1) the subject statute proscribes only attempted first-degree murder of a law enforcement officer, not, as here, attempted second-degree murder of a police officer, and (2) a conviction for attempted second-degree murder of a law enforcement officer must be reduced to the category 1, necessarily included offense of attempted second-degree murder where, as here, the evidence adduced at trial supports such an convictionbased on the indistinguishable and controlling decision of State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995) (affirming Iacovone v. State, 639 So.2d 1108, 1110 (Fla. 2d DCA 1994)). Contrary to the defendant's contention, there was ample evidence adduced at trial to support these necessarily included offense convictions.
We therefore reverse the defendant's five convictions and sentences for attempted second-degree murder of a law enforcement officer, and remand the cause to the trial court with directions (1) to reduce these convictions to the necessarily included offenses of attempted second-degree murder under Sections 782.04(2), 777.04(4)(c), Florida Statutes (1993), and (2) to impose appropriate sentences thereunder. The judgments of conviction and sentences for carrying a concealed weapon and discharging a firearm in a public place are affirmed.
Affirmed in part; reversed in part and remanded.