677 So.2d 398 (1996)
Bobby Lamar STEVERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00713.
District Court of Appeal of Florida, Second District.
July 26, 1996.
*399 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
Bobby Lamar Steverson was convicted of the attempted murder of a law enforcement officer (Count I), the possession of a short-barrelled shotgun (Count II), and the carrying of a concealed firearm (Count III). A fourth count was severed from the trial of Counts I, II, and III. Steverson ultimately pleaded guilty to Count IV, was adjudicated and sentenced to a concurrent 15 year term. Steverson claims error only in that aspect of the proceeding bottomed upon Count I, the attempted murder of a law enforcement officer, and the enhanced sentence.[1] The determinative issue he presents for review is "whether the statutes pertaining to attempted murder of a law enforcement officer violate equal protection."[2] Our answer results in a reversal and remand to the trial court, but we do not pass upon the constitutional question in light of State v. Iacovone, 660 So.2d 1371 (Fla.1995).
The setting from which the controlling question arises begins with Steverson's criminal drug problems. He was indebted to a drug dealer who in January of 1994 threatened his wife and him with physical harm. On two occasions, Steverson was subjected to physical abuse. He was hospitalized as a result of the last episode which occurred in February of 1994. The violent events inspired him to acquire firearms for self-protection, i.e., a pistol and a shotgun from which he removed a portion of the barrel. Some time later, in early March of 1994, in the course of a murder investigation unrelated to the instant proceeding, two detectives visited a drug house which coincidentally *400 Steverson frequented. They had the house under surveillance. One of the detectives recognized Steverson and approached the car in which he was sitting. Steverson had his two weapons with him. On the heels of their encounter, Steverson and the detective exchanged gunshots. Steverson wounded the detective with the sawed-off shotgun. The testimonial evidence left to the jury the question of whether Steverson knew the identity of the wounded detective and his status as a law enforcement officer. In any event, Steverson's trial counsel adequately preserved for our consideration the issue of whether Steverson's conviction under Count I conforms to a permissible statutory scheme, the question to which we now turn.
The process we have followed in reversing and remanding this matter begins with the state's apparent concession that Steverson was convicted of an attempted murder of a law enforcement officer in the second degree. The absence of challenge to that view is grounded upon the jury instructions and the jury's subsequent question:
Where do we check if we find the defendant guilty of attempted second-degree murder of a law enforcement officer? The verdict form does not offer that option.
In response, the jury was instructed to reread the first paragraph of the attempted homicide instruction. That instruction embodied the elements associated with an attempted first and second degree murder of a law enforcement officer. No further questions were presented to the court.
Based upon the record before us and the state's concession, we can only conclude that the jury verdict reflects a second degree conviction. At every stage of this proceeding, however, the trial court was without the benefit of the Supreme Court's conclusion in Iacovone that sections 775.0825 and 784.07(3) permit enhancement of the sentence only where the attempted murder of a law enforcement officer is in the first degree.[3] We must, therefore, reverse and remand with the direction that the trial court reduce Steverson's conviction to the necessarily included offense of attempted second degree murder and impose an appropriate sentence. See § 924.34, Fla. Stat. (1995); Newbold v. State, 667 So.2d 996 (Fla. 3d DCA 1996). The lack of a specific finding by the jury that Steverson used a firearm in the commission of the crime precludes the imposition upon resentencing of an enhancement or minimum mandatory sentence contemplated in section 775.087, Florida Statutes (1993). See State v. Tripp, 642 So.2d 728 (Fla.1994).
Reversed and remanded for further proceedings consistent with this opinion.
FULMER and QUINCE, JJ., concur.
NOTES
[1] A meritless issue within Steverson's challenge to Count I is the notion that knowledge of the victim's status as a law enforcement officer is an element in the crime of attempted murder of a law enforcement officer. See Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996), review granted, 675 So.2d 931 (Fla.1996).
[2] Section 775.0825, Florida Statutes (1993)(repealed 1995), provides as follows:

Any person convicted of attempted murder of a law enforcement officer as provided in s. 784.07(3) shall be required to serve no less than 25 years before becoming eligible for parole. Such sentence shall not be subject to the provisions of s. 921.001.
Section 784.07(3), Florida Statutes (1993)(amended 1995), provides as follows:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
[3] The record indicates some confusion regarding the nature of sections 775.0825 and 784.07(3), Florida Statutes (1993), the statutes in effect at the moment when Steverson committed the criminal act. The statutes were, respectively, repealed and substantially amended by the Crime Control Act of 1995, chapter 95-184, sections 18 and 20. In any event, we have held that the foregoing statutory provisions do not express a separate offense but contemplate sentencing enhancement where the intended victim is a law enforcement officer. See Lamb v. State, 668 So.2d 666, 667 (Fla. 2d DCA 1996); Thompson v. State, 667 So.2d 470, 472 (Fla. 3d DCA 1996), review granted, 675 So.2d 931 (Fla.1996).