679 So.2d 23 (1996)
Matthew Ray MOODY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-366.
District Court of Appeal of Florida, First District.
August 14, 1996.
Rehearing Denied September 24, 1996.
Gary Baker and Judy L. Groover of Baker & Groover, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant challenges his conviction for attempted second-degree murder. Although he raises a number of issues, we find it necessary to address only one. Appellant was charged with attempted murder of a law enforcement officer. He moved to dismiss the information on the ground that it failed to charge a crime. The trial court denied the motion. Appellant proceeded to trial, and was found guilty by the jury of attempted second-degree murder, as a lesser-included offense. Appellant now argues that the trial court committed reversible error when it denied his motion to dismiss the information. We agree and, accordingly, reverse.
On March 11, 1994, the state filed a one-count amended information purporting to *24 charge appellant with attempted murder of a law enforcement officer in violation of section 784.07(3), Florida Statutes (1993). That section reads:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony....
The information charging appellant reads:
HARRY L. SHORSTEIN, State Attorney for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, charges that MATTHEW RAY MOODY on or between the 29th day of December, 1993, and the 30th day of December, 1993 in the County of Duval and the State of Florida, did unlawfully attempt to murder Damon Jameson, a law enforcement officer, by shooting Damon Jameson while Damon Jameson was engaged in the lawful performance of his duty, and during the commission of the aforesaid Attempted Murder of a Law Enforcement Officer, the said MATTHEW RAY MOODY carried or had in his possession a firearm, to-wit: a rifle, contrary to the provisions of Sections 784.07(3), 775.0825 and 775.087, Florida Statutes.
Appellant moved to dismiss the amended information, arguing that it failed to charge a crime. In particular, appellant argued that the amended information alleged only that he "unlawfully attempt[ed] to murder ... a law enforcement officer," but that there is no crime in Florida known as "unlawful murder." According to appellant, to charge attempted murder of a law enforcement officer properly, one was obliged to allege all of the elements set out in section 784.07(3) and all of the elements of the underlying offense attemptedmurder. This included an obligation to allege the degree of murder allegedly attempted. Relying principally on Isaac v. State, 626 So.2d 1082 (Fla. 1st DCA 1993), review denied, 634 So.2d 624 (Fla.1994), the trial court denied the motion.
In Isaac, we held that section 784.07(3) "is more than simply an enhancement or a reclassification statuteit creates a separate substantive offense," the intent of which is to punish as a life felony attempted murder of a law enforcement officer, as defined in that statute, without regard to whether the offense would otherwise have been punished as attempted first, second or third-degree murder. Id. at 1083. Recently, however, the supreme court has held that section 784.07(3) was intended by the legislature to apply only to attempted first-degree murder of a law enforcement officer, overruling by implication our conclusion to the contrary in Isaac. State v. Iacovone, 660 So.2d 1371 (Fla.1995). As the Third District Court of Appeal has since concluded, Iacovone strongly suggests that section 784.07(3) should be read merely to provide for enhancement of a conviction of attempted first-degree murder when the victim is a law enforcement officer (and the provisions of the statute are otherwise satisfied), rather than as a separate substantive offense. Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996).
In light of Iacovone and State v. Gray, 654 So.2d 552 (Fla.1995) (holding that there is no crime of attempted felony murder in Florida), it is now apparent that one may be convicted of a violation of section 784.07(3) only if it is established that the murder attempted satisfies all of the elements found in that section and, in addition, the elements of first-degree premeditated murder. Given this, and the fact that it appears from Iacovone that section 784.07(3) was intended by the legislature to act as an enhancement statute, it seems to us that, to charge the offense of attempted murder of a law enforcement officer, one must allege in the information all of the elements set out in section 784.07(3) and the elements of first-degree premeditated murder pursuant to section 782.04(1)(a)1, Florida Statutes. See generally Mesa v. State, 632 So.2d 1094, 1097 (Fla. 3d DCA 1994) (possession of a firearm is "an essential element of the crime charged," which "must be alleged in the indictment or information," before enhancement is permitted pursuant to section 775.087, Florida Statutes). Because the *25 amended information attacked by appellant fails to do so, we hold that it should have been dismissed. Accordingly, we reverse appellant's conviction for attempted second-degree murder, and remand with directions that the trial court dismiss the amended information. In light of this disposition, we find it unnecessary to address the other issues raised by appellant.
REVERSED and REMANDED, with directions.
MINER and ALLEN, JJ., concur.