Ms. Lori Stelzer Venice City Clerk 401 West Venice Avenue Venice, Florida 34285
Dear Ms. Stelzer:
On behalf of the City of Venice Code Enforcement Board, you ask substantially the following question:
May the code enforcement board impose the daily fine prescribed in section 162.09, Florida Statutes, for violations of its occupational license tax ordinance enacted pursuant to Chapter 205, Florida Statutes, in addition to the fine prescribed by Chapter 205?
In sum:
If the city prosecutes violations of its occupational license tax ordinance enacted pursuant to Chapter 205, Florida Statutes, before its code enforcement board, section 205.053, Florida Statutes, prescribes the fine that may be imposed.
Section 205.042, Florida Statutes, authorizes the governing body of a municipality to levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.[1] Section 205.053, Florida Statutes, provides:
(1) All licenses shall be sold by the appropriate tax collector beginning August 1 of each year, are due and payable on or before September 30 of each year, and expire on September 30 of the succeeding year. . . . Licenses that are not renewed when due and payable are delinquent and subject to a delinquency penalty of 10 percent for the month of October, plus an additional 5 percent penalty for each subsequent month of delinquency until paid. However, the total delinquency penalty may not exceed 25 percent of the occupational license tax for the delinquent establishment. (2) Any person who engages in or manages any business, occupation, or profession without first obtaining a local occupational license, if required, is subject to a penalty of 25 percent of the license due, in addition to any other penalty provided by law or ordinance. (3) Any person who engages in any business, occupation, or profession covered by this chapter, who does not pay the required occupational license tax within 150 days after the initial notice of tax due, and who does not obtain the required occupational license is subject to civil actions and penalties, including court costs, reasonable attorneys' fees, additional administrative costs incurred as a result of collection efforts, and a penalty of up to $250.
Thus, the Legislature in section 205.053, Florida Statutes, has prescribed the penalties for failure to obtain a required occupational license. The statute does not, however, provide for exclusive jurisdiction in any specific court or enforcement board for the imposition of fines nor is there anything in the statute to indicate that prosecution of businesses in violation of an occupational license tax ordinance must be handled in a manner different than that used for any other ordinance violation.[2]
Section 34.01(1)(b), Florida Statutes, places original jurisdiction in county courts for "all violations of municipal and county ordinances." Counties and municipalities have the option, however, to adopt, by ordinance, an alternate code enforcement system which gives code enforcement boards or special masters designated by the local governing body the authority to hold hearings and assess fines against violators of codes and ordinances.[3]
Chapter 162, Florida Statutes, the "Local Government Code Enforcement Boards Act,"[4] authorizes the creation of quasi-judicial administrative boards
with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist.[5]
The plain language of section 162.02, Florida Statutes, setting forth the legislative intent of the act, authorizes local government code enforcement boards to enforce "any" codes and ordinances in force in the county or municipality.[6] While an earlier version of the statute limited a code enforcement board's authority to the enforcement of "technical" codes,[7] the statute was amended in 1989 "to delete any reference to specific types of codes and ordinances under the jurisdiction of code enforcement boards."[8] Thus, under section 162.02, Florida Statutes, local government code enforcement boards are authorized to enforce any code or ordinance of the city.
For any jurisdiction that has established a local government code enforcement board, section 162.09, Florida Statutes, authorizes the imposition of administrative fines for noncompliance with an order of the board or for repeat violations. Specifically, however, a fine imposed pursuant to section 162.09, Florida Statutes, "shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation[.]"[9]
Your question arises because section 162.09, Florida Statutes, authorizes the imposition of administrative fines for noncompliance with an order of the board or for repeat violations, while section 205.053, Florida Statutes, also authorizes a fine and prescribes the amount of such fine. As both chapter 162 and section 205.053 are penal in nature, they are to be strictly construed.[10]
In Attorney General Opinion 91-7, this office was asked whether the penalty provisions prescribed in the Convenience Store Security Act prevailed over the penalty provisions of the Local Government Code Enforcement Boards Act. This office concluded:
While Ch. 162, F.S., generally controls the administrative enforcement procedures and means of imposing fines for the violation of local codes and ordinances which have no criminal penalty, the more specific and more recently enacted provisions in Ch. 90-346, Laws of Florida, would control when the civil fine is imposed for failure to comply with a local ordinance enacted pursuant to the Convenience Store Security Act.
Thus, the opinion concluded that if a local government had created a code enforcement board and authorized it to prosecute violations of the Convenience Store Security Act, the board could impose the fine authorized by the Convenience Store Security Act as prescribed by the local ordinance.
Similarly, while section 162.09, Florida Statutes, generally provides for the imposition of a fine, section 205.053, Florida Statutes, specifically provides for the penalty to be imposed for failure to obtain or renew an occupational license. As the more specific statute imposing a penalty, the provisions of section205.053, would appear to control when a civil fine is imposed for failure to comply with the occupational license tax ordinance enacted pursuant to Chapter 205, Florida Statutes.[11]
While section 205.053(2), Florida Statutes, in authorizing a penalty of 25 percent on a person who fails to obtain an occupational license, states that the penalty is "in addition to any other penalty provided by law or ordinance," the reference to other penalties would appear to be nonmonetary when considered in light of s. 205.053(3). Section 205.053(3) provides that a person who fails to pay the occupational license within 150 days of notice of the tax is subject to civil actions and penalties, including court costs, reasonable attorney's fees, administrative costs incurred as a result of collection efforts, and a monetary penalty not to exceed $250. An unreasonable result would be reached by reading section 205.053(2) as authorizing additional monetary penalties, such as those prescribed in Chapter 162, Florida Statutes, on an individual who fails to obtain an occupational license when section 205.053(3) limits the monetary penalty that may be imposed on such an individual if he fails to obtain such license for more than 150 days.[12] Thus, section205.053 appears to place limitations on the enforcement of the statute, whether it be by a code enforcement board or the court, on persons failing to obtain the necessary license.
Accordingly, until this matter is legislative or judicially clarified, I am of the opinion that if the city prosecutes violations of its occupational license tax ordinance enacted pursuant to Chapter 205, Florida Statutes, the code enforcement board would impose the fine prescribed by Chapter 205, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 205.043, Fla. Stat. (1995), setting forth the conditions for a municipality to levy such a license tax.
[2] See, Op. Att'y Gen. Fla. 93-2 (1993).
[3] Section 162.03, Fla. Stat. (1995).
[4] Section 162.01, Fla. Stat. (1995).
[5] Section 162.02, Fla. Stat. (1995). Such authorization is necessary for the creation of a quasi-judicial advisory board with the power to impose administrative fines in light of Art. V, s. 1, and Art. I, s. 18, Fla. Const., which respectively provide that administrative officers or bodies may be granted quasi-judicial powers in matters connected with their office, and that no administrative agency shall impose a sentence of imprisonment nor shall it impose any other penalty except as provided by law. See, Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (Fla. 4th DCA 1982) (provision of a county ordinance authorizing assessment of penalties by a county agency was unconstitutional).
[6] See, Black's Law Dictionary Any p. 86 (5th ed. 1979) (one indiscriminately of whatever kind or quantity) and Webster's Third New International Dictionary Any p. 97 (unabridged ed. 1981) (one indifferently out of more than two).
[7] See, s. 162.02, Fla. Stat. (1987). And see, Op. Att'y Gen. Fla. 83-63 (1983), in which this office concluded that the jurisdiction of a local government code enforcement board was restricted to the enforcement of local codes relating to a particular art, science, profession, trade or skill, and to those enumerated at the time (occupational license, fire, building, zoning, and sign codes) and codes of a similar nature, excluding ordinances concerning parking and traffic violations and all misdemeanors and other offenses provided for by municipal ordinance.
[8] See, Staff Analysis, House of Representatives Committee on Governmental Operations, as revised by the Committee on Rules and Calendar Staff Analysis and Economic Impact Statement, CS/CS/HB 1210, HB 1474, and HB 1484, May 25, 1989, stating that the amendment "would make it clear that local governments can place the enforcement of any local code or ordinance under the jurisdiction of code enforcement boards."
[9] Section 162.09(2)(a), Fla. Stat. The statute, however, provides that if the code enforcement board finds the violation to be irreparable or irreversible in nature, it may impose a fine not to exceed $5,000 per violation. And see, s. 162.09(2)(b), Fla. Stat., setting forth the criteria to be used by the board in determining the amount of the fine.
[10] See, e.g., City of Tampa v. Braxton, 616 So.2d 554 (Fla. 2d DCA 1993) (administrative fine provisions of Ch. 162 must be strictly construed); and Texas Company v. Amos, 81 So. 471 (Fla. 1919) (laws imposing license taxes, and providing a penalty for doing business without a license, are penal in their nature, and should be strictly construed).
[11] See, Harley v. Board of Public Instruction of Duval County,103 So.2d 111 (Fla. 1958) (special grant of power or special act of the Legislature takes precedence over a general grant or law on the same subject).
[12] See, State v. Iacovone, 660 So.2d 1371 (Fla. 1995) (statutes, as a rule, will not be interpreted so as to yield an absurd result).