The Honorable Robert L. Crowder Sheriff, Martin County 800 Southeast Monterey Road Stuart, Florida 34994-4599
Dear Sheriff Crowder:
You ask substantially the following questions:
1. If the sheriff's office receives a written request from a victim of a crime enumerated in section 119.07(3)(s), Florida Statutes, does the exemption from disclosure afforded by that section apply to records created prior to receipt of the victim's request?
2. Does the exemption from disclosure provided by section119.07(3)(s), Florida Statutes, apply to any records held by the agency or is it limited to those records relating to the offense?
In sum:
1. The exemption from disclosure provided by section 119.07(3)(s), Florida Statutes, applies to records created prior to, as well as after, the agency's receipt of the victim's written request for confidentiality and official verification that the crime has occurred.
2. The exemption from disclosure provided by section 119.07(3)(s), Florida Statutes, applies to any records in the possession of the agency that reveal the home or employment telephone number or address or personal assets of a victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery or domestic violence.
Question One
In 1995, the Legislature amended section 119.07(3)(s), Florida Statutes, by adding the following language to the statute:
Any information not otherwise held confidential or exempt from the provisions of s. 119.07(1) which reveals the home or employment telephone number, home or employment address, or personal assets of a person who has been the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution, upon written request by the victim, which must include official verification that an applicable crime has occurred. Such information shall cease to be exempt 5 years after the receipt of the written request.[1]
This office has stated that the police incident report or offense report for one of the enumerated crimes may constitute such "official verification that an applicable crime has occurred."[2]
Thus, section 119.07(3)(s), Florida Statutes, authorizes a victim of the offenses enumerated therein to make a written request to an agency that certain personal information, not otherwise held confidential by law, that is contained in the agency's records not be disclosed. The exemption, therefore, supplements, but does not replace, other confidentiality provisions applicable to crime victims.
Section 2 of Chapter 95-320, Laws of Florida, sets forth the purpose of the 1995 amendment to section 119.07(3)(s), Florida Statutes:
The Legislature finds that it is a public necessity that not only agencies that regularly receive victim information, as described in s. 119.07(3)(y) [now s. 119.07(3)(s)], Florida Statutes, keep that information exempt from public disclosure, but that all agencies receiving certain identifying information that relates to the victim of certain crimes keep it exempt, provided the victim makes written request that such information not be released. The point of the exemption is to protect victims from further embarrassment, harassment, or injury that can result from making public personal information regarding them. It makes little sense for agencies that regularly receive such information to keep the information exempt, if agencies that do not regularly receive such information can disclose the information to the public. Regardless of the source, such information made public can be damaging to the continued health and safety of victims.
This statement of public necessity makes it clear that the safety of the victim was of paramount concern to the Legislature. The Legislature recognized that such intent would be defeated if such information was kept confidential by one agency but not by another. The purpose of the exemption, therefore, would appear to be remedial in nature.
The Supreme Court of Florida in City of Orlando v. Desjardins[3]
held that an exemption to Chapter 119, Florida Statutes, applies to records created prior to the enactment of the statute: "[I]f a statute is found to be remedial in nature, it can and should be retroactively applied in order to serve its intended purposes." Similarly, section 119.07(3)(s), Florida Statutes, as a remedial statute should be retroactively applied in order to serve its intended purpose.
Accordingly, I am of the opinion that the exemption from disclosure afforded by section 119.07(3)(s), Florida Statutes, applies to records created before, as well as after, the victim's written request, together with official verification, has been received by an agency.
Question Two
Section 119.07(3)(s), Florida Statutes, refers to "any" information, not otherwise held confidential by an agency, that reveals a victim's home or employment address or telephone number or the victim's personal assets.[4] The statute does not limit its application to records relating to the offense but rather by its own terms applies to any information, not otherwise confidential or exempt from disclosure, held by an agency that reveals certain personal information about an individual who has been the victim of a sexual battery, aggravated child abuse, aggravated stalking, aggravated battery or domestic violence.
The Legislature has recognized that the exemption's purpose would be defeated if agencies that regularly receive victim information keep the personal information exempt while agencies not regularly receiving victim information do not.[5] Similarly, the purpose of the exemption — that is, the protection of the victim — would be defeated if the exemption were limited to only those records relating to the offense.[6]
Moreover, an examination of the legislative history surrounding the adoption of this exemption indicates that the Legislature intended that the exemption not be limited to those documents identifying the individual as a victim of crime but rather be applied to any document revealing the personal information held by any agency.[7] It is a fundamental principle of statutory construction that statutes are to be construed in a manner consistent with the intent of the Legislature.[8]
Accordingly, I am of the opinion that if a victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence makes a written request, together with official verification that an applicable crime has occurred, to an agency, any information revealing the home or employment address, home or employment telephone number, or personal assets of the victim in any of the records of that agency is exempt from the provision of section 119.07(1), Florida Statutes, and Article I, section 24(a), of the State Constitution for a period of five years.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 1, Ch. 95-320, Laws of Florida. The statute also exempts any document that reveals the identity, home or employment telephone number or address, or personal assets of the victim of a crime and identifies that person as the victim of a crime, if that document is received by an agency that regularly receives information from or concerning the victims of crime. This exemption, however, is limited to documents received by agencies that regularly receive information from or concerning victims of crime and does not apply to records generated by such agencies. See, Op. Att'y Gen. Fla. 90-80 (1990). State or federal agencies that are authorized to have access to such documents by any provision of law will be granted such access in the furtherance of the agency's duties.
[2] Informal Advisory, Criminal Law Alert, Office of the Attorney General, June 29, 1995.
[3] 493 So.2d 1027, 1028 (Fla. 1986). And see, Cebrian v. Klein,614 So.2d 1209 (Fla. 4th DCA 1993); Op. Att'y Gen. Fla. 94-70 (1994) (amendment to expungement statute appears to be remedial and, accordingly, should be retroactively applied to those records ordered expunged prior to amendment's effective date).
[4] See generally, Black's Law Dictionary Any p. 120 (4th rev. ed. 1968) (some; one out of many; does not necessarily mean only one person, but may have reference to more than one or to many); Webster's Third New International Dictionary Any p. 97 (unabridged ed. 1981) (one, no matter what one).
[5] See, s. 2, Ch. 95-320, Laws of Florida, setting forth the statement of public necessity for the exemption.
[6] See, State v. Iacovone, 660 So.2d 1371, 1372 (Fla. 1995) (statutes should not be construed so as to yield an absurd result).
[7] See, Bill Analysis Economic Impact Statement on HB 819, House of Representatives Committee on Governmental Operations, dated March 18, 1995. While the Committee Substitute for House Bill 819 narrowed the original bill which had applied to any victim to victims of certain crimes and made provision for making the information available in five years, the intent of the Legislature that it apply to any record of any agency holding such information did not appear to change under the Committee Substitute for House Bill 819. See, Final Bill Analysis Economic Impact Statement on CS/HB 819, House of Representatives Committee on Governmental Operations, dated June 19, 1995.
[8] State v. Iacovone, supra; In re Order on Prosecution of Criminal Appeals by the Tenth Judicial Circuit Public Defender,561 So.2d 1130 (Fla. 1990).
[9] Cf., s. 119.07(3)(l), Fla. Stat., which creates an exemption for certain personal information of specified public employees and officers and which provides that an agency that is the custodian of such personal information but is not the employer of the officer or employee shall maintain the confidentiality of such information if the officer or employee, or the employing agency of such officer or employee, submits a written request for confidentiality.