Ms. Cecelia Bonifay Lake County School Board Attorney Post Office Box 39 Tavares, Florida 32778
Dear Ms. Bonifay:
You ask the following question:
Does section 232.425, Florida Statutes, authorize both private school students and home education students to participate in extracurricular activities within the public school system or does the statute only authorize home education students to participate in such interscholastic extracurricular activities conducted by the public school system?
In sum:
Section 232.425, Florida Statutes, as amended by Chapter 96-174, Laws of Florida, authorizes home education students to participate in interscholastic extracurricular activities conducted by the public school system but does not authorize the participation of private school students in such public school activities.
According to the information provided to this office, the Lake County School Board has been contacted by a parent who wishes to have his son, who attends a private school, participate in extracurricular athletics activities conducted by the public school system. You have advised this office that the school board has contacted the Florida High School Activities Association, Inc. (FHSAA) and the Florida Department of Education as to whether section 232.425, Florida Statutes, as amended by the 1996 Legislature, provides a right for private school students to participate in a public school's extracurricular athletics program. Both the Department of Education and FHSAA have advised that it is their opinion that section 232.425 establishes such a right for home education students only.[1]
Section 232.425, Florida Statutes, sets forth the criteria that must be met by a student in order to participate in interscholastic extracurricular activities. These include maintenance of a certain grade point average, passage of five subjects for the grading period immediately preceding participation, and such other requirements as may be established by the school board.
During the 1996 legislative session, several provisions were added to section 232.425, Florida Statutes.[2] The statute, nowentitled the "Craig Dickinson Act,"[3] provides in subsection (2):
"The Legislature recognizes the importance of interscholastic extracurricular student activities as a complement to the academic curriculum. Participation in a comprehensive extracurricular and academic program contributes to student development of the social and intellectual skills necessary to become a well-rounded adult. It is the intent of the Legislature to provide the mechanism for all students in Florida to participate in interscholastic extracurricular activities."
Other than this general statement of intent, the 1996 amendments to section 232.425, Florida Statutes, are generally directed to home education students. Provisions were added establishing the criteria that must be met by a home education student in order to participate in the interscholastic extracurricular activities of a public or nonpublic school. Section 232.425(3), Florida Statutes, provides:
"(c) An individual home education student shall be eligible to participate at a public school, and may develop an agreement to participate at a nonpublic school, in the interscholastic extracurricular activities of that school, provided the following conditions are met:
1. The home education student must meet the requirements of the home education program pursuant to s. 232.02(4). 2. During the period of participation at a school, the home education student must demonstrate educational progress as required in paragraph (b) in all subjects taken in the home education program by a method of evaluation agreed upon by the parent and the principal which may include: review of the student's work by a certified teacher chosen by the parent; grades earned through correspondence; grades earned in courses taken at a community college, university, or trade school; standardized test scores above the 35th percentile; or any other method designated in s. 232.02(4). 3. The home education student must meet the same residency requirements as other students in the school at which he or she participates. 4. The home education student must meet the same standards of acceptance, behavior, and performance as required of other students in extracurricular activities. 5. The student must register with the school his or her intent to participate in interscholastic extracurricular activities as a representative of the school prior to the beginning date of the season for the activity in which he or she wishes to participate. 6. A student who transfers from a home education program to a public school prior to or during the first grading period of the school year shall be academically eligible to participate in interscholastic extracurricular activities during the first grading period provided the student has a successful evaluation from the previous school year, pursuant to subparagraph 2. 7. Any public school or nonpublic school student who has been unable to maintain academic eligibility for participation in interscholastic extracurricular activities shall be ineligible to participate in such activities as a home education student until such time as the student has successfully completed one grading period in home education pursuant to subparagraph 2. to become eligible to participate as a home education student."
Subsection (7) of the statute requires that any insurance provided by school districts for participants in extracurricular activities shall cover the participating home education student. If, however, there is an additional premium for such coverage, the participating home education student is required to pay the premium.
The only other changes to section 232.425, Florida Statutes, other than numbering, address the standards that must be met by any organization or entity regulating interscholastic extracurricular activities of public schools. Such entities must permit home education associations to join as member schools and may not discriminate against any eligible student based on an educational choice of public, nonpublic, or home education.[4] In addition, the statute prohibits public schools from being members of an organization or entity regulating interscholastic extracurricular activities if the entity discriminates against eligible students in public, nonpublic, or home education school programs.[5]
An examination of the history of the 1996 legislation indicates that the Legislature recognized that most home education students were precluded from participating in interscholastic extracurricular activities in either the public or private schools.[6] With the amendment of section 232.425, Florida Statutes, the Legislature sought to provide such students with the opportunity to participate in these extracurricular activities.[7]
Section 232.425, Florida Statutes, as amended, therefore, establishes the conditions that must be met for a home education student to be eligible to participate in the interscholastic extracurricular activities in either a public or nonpublic school. Nothing in the statute, however, requires or otherwise establishes a right for a private school student to participate in the extracurricular activities of a public school. To construe the statute in such a manner would mean that while a home education student is authorized to participate in a public school's extracurricular program only if he meets certain conditions, no such conditions must be met for the private school student. It is a fundamental principle of statutory construction that statutes are to construed in such a manner as to avoid unreasonable or absurd results.[8]
Accordingly, I am of the opinion that section 232.425, Florida Statutes, as amended by Chapter 96-174, Laws of Florida, authorizes the participation of home education students in interscholastic extracurricular activities conducted by the public school system but does not authorize the participation of private school students in such activities.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, letter from Mr. Leonard E. Ireland, Jr., attorney for FHSAA, to Mr. James H. McNeil, Jr., attorney for the Lake County School Board, dated September 16, 1996, stating:
"It is and has been the interpretation of the [FHSAA's] By-Laws that if a student attends a private school, that student must participate in the extra-curricular activities provided by that private school system, if any. If a student attends a public school, then that student must participate in the extracurricular activities provided by that public school system, if any."
And see, letter from Mr. Dean Andrews, Deputy General Counsel, Florida Department of Education, to Mr. Don Buckner, dated September 9, 1996, stating that the "opportunity for eligible home education students represented the expressed intent of the Legislature for its amendatory action concerning Section 232.425, Florida Statutes."
[2] See, Ch. 96-174, Laws of Florida.
[3] Section 1, Ch. 96-174, supra.
[4] See, s. 232.425(5), Fla. Stat.
[5] See, s. 232.425(6), Fla. Stat.
[6] See, Final Bill Analysis Economic Impact Statement on CS/HB 2505 (passed as Ch. 96-174, Laws of Florida), Florida House of Representatives Committee on Education, dated May 9, 1996. As noted in the staff analysis, public and nonpublic schools are eligible for membership in the Florida High School Activities Association (FHSAA), a non-profit corporation regulating interscholastic activities of high school students. Home education programs, however, are not eligible for membership in the FHSAA. Thus, the staff analysis notes:
"As a result, otherwise eligible students who are enrolled in home education programs cannot participate in interscholastic extracurricular activities in either public or nonpublic schools. (Of the 896 public and nonpublic middle and high schools in the state in 1994-95, 512 (57%) were reported as members of the FHSAA.)"
[7] Id., stating that the bill establishes the conditions that must be met by a home education student in order for the student to be eligible to participate in interscholastic extracurricular activities in either a public or nonpublic school.
[8] See generally, State v. Iacovone, 660 So.2d 1371, 1372
(Fla. 1995); Carawan v. State, 515 So.2d 161 (Fla. 1987).