Mr. Richard T. Farrell Secretary, Department of Business and Professional Regulation Mr. Robert Swindell Chairman, Pilotage Rate Review Board 1940 North Monroe Street Tallahassee, Florida 32399-0750
Dear Mr. Farrell and Mr. Swindell:
You ask substantially the following question:
Do the provisions of section 455.229(1), Florida Statutes, exempt from the Public Records Law financial information submitted by harbor pilots to the Pilotage Rate Review Board in support of an application for a pilotage rate increase pursuant to section310.151, Florida Statutes?
In sum:
Section 455.229(1), Florida Statutes, does not exempt from the Public Records Law financial information submitted by harbor pilots to the Pilotage Rate Review Board in support of an application for a pilotage rate increase under section 310.151, Florida Statutes. The Legislature, however, may wish to clarify the language contained in section 455.229.
Section 455.229(1), Florida Statutes, provides:
"All information required by the [Department of Business and Professional Regulation] . . . of any applicant shall be a public record and shall be open to public inspection pursuant to s.119.07, except financial information, medical information, school transcripts, examination questions, answers, papers, grades, and grading keys, which are confidential and exempt from s. 119.07(1) and shall not be discussed with or made accessible to anyone except members of the board, the department . . . and staff thereof, who have a bona fide need to know such information." (e.s.)
Section 455.232, Fla. Stat., makes it a misdemeanor of the first degree for any board of the Department of Business and Professional Regulation to disclose exempt information to any person who is not entitled to such knowledge or information.[1]
Pursuant to section 310.151, Florida Statutes, the Board of Pilotage Rate Review Board is authorized to establish pilotage rates based upon the criteria established therein. Subsection (2) of the statute provides:
"Any pilot, group of pilots, or other person or group of persons whose substantial interests are directly affected by the rates established by the board may apply to the board for a change in rates. . . . All applications for changes in rates shall be made to the board, in writing, pursuant to rules prescribed by the board. In the case of an application for a rate change on behalf of a pilot or group of pilots, the application shall be accompanied by a consolidated financial statement, statement of profit or loss, and balance sheet prepared by a certified public accountant of the pilot or group of pilots and all relevant information, fiscal and otherwise, on the piloting activities within the affected port area, including financial information on all entities owned or partially owned by the pilot or group of pilots which provide pilot-related services in the affected port area. . . ."
According to your letter, the Pilotage Rate Review Board has received an application for a change of rates in the Port of Jacksonville. The pilots supporting the application have requested that the financial information submitted with the application be kept confidential pursuant to section 455.229(1), Florida Statutes.
Exemptions from the Public Records Law are to be narrowly construed and limited to their stated purpose.[2] While section455.229, Florida Statutes, provides for the confidentiality of financial information required to be submitted by an applicant to the department, an examination of the exemption would appear to indicate that the exemption was intended to apply to information supplied as part of the licensure or licensure renewal process. It is a general rule of statutory construction that words may be understood in relation to, or take color from, other words within the same statute.[3] Section 455.229(1) refers to materials such as school transcripts, examination questions, answers, papers, grading keys, and grades, all materials relevant to licensure and licensure renewal.[4]
Thus, it would appear that the confidentiality provision covering financial information in section 455.229(1), Florida Statutes, is limited to information required by the department in support of an application for licensure or licensure renewal.
In addition, section 310.151(2), Florida Statutes, is the more specific statute prescribing the procedure to be used when pilots or other persons directly affected by the rates established by the Pilotage Rate Review Board apply for a change in rates. It requires that the board conduct an investigation, hold a public hearing, and determine whether to modify the existing rates of pilotage. Notice of the public hearing must be published and must advise all interested parties of their right to file a response to the petition. Thus, the statute evinces an intent that the proceedings will be open and that all relevant information will be available to interested parties during the board's consideration of the rate change request. Moreover, nothing in the statute indicates an intent that information received by the board in conjunction with a potential rate change will be confidential or exempt from disclosure.[5]
Without access to the financial and other relevant information required to be filed with the application, interested parties would be at a disadvantage in responding to the rate change request and participating in the public hearing. If the board were constrained by the confidentiality provisions in section455.229(1), Florida Statutes, and subject to the criminal penalties for disclosing protected information in section 455.232, Florida Statutes, there could be no meaningful discussion of the issues by the board members during the public meeting. Such a result would thwart the intent of the Legislature in requiring a public hearing and authorizing participation by all interested persons.[6]
Accordingly, I am of the opinion that section 455.229(1), Florida Statutes, does not exempt from the disclosure requirements of Chapter 119, Florida Statutes, financial information submitted by harbor pilots in support of an application for a pilotage rate increase pursuant to section 310.151, Florida Statutes. However, the Legislature may wish to clarify its intent by amendatory legislation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 455.232, Fla. Stat., makes it a misdemeanor of the first degree for any officer, employee, or person under contract with the Department of Business and Professional Regulation or the Agency for Health Care Administration, or any board therein to knowingly convey knowledge or information that is exempt from section 119.07(1), Fla. Stat., to any person who is not entitled to such knowledge or information.
[2] See, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987) (Public Records Law is to be liberally construed in favor of open government; exemptions therefrom are to be narrowly construed and limited to their stated purpose).
[3] See, Cepcot Corp. v. Department of Business and ProfessionalRegulation, Construction Industry Licensing Board, 658 So.2d 1092
(Fla. 2d DCA 1995) (meaning of one term in a statute may be defined by reference to terms with which it is associated).
[4] And see, Senate Staff Analysis and Economic Impact Statement on SB 942 (which was subsequently enacted as Ch. 91-140, Laws of Florida), dated March 1, 1991, stating that s. 3 of the bill "reenacts exemptions in s. 455.229, F.S., for financial information provided by applicants for licensure and for licensure examination questions, answers, papers, grades, and grading keys." (e.s.)
[5] An examination of the legislative history surrounding the amendment of s. 310.151, Fla. Stat., in 1994 indicates that financial information submitted for rate changes had historically been considered open. See, Final Bill Analysis and Economic Impact Statement for HB 2503, dated May 16, 1994, which states that a request for a rate decrease hearing had been made several years ago but when the shipping company representative was told that he would be required to open his books and that such information would then become a public record, the representative refused to submit such information and the hearing was not conducted. The staff analysis notes that the Board of Pilot Commissioners "recently adopted rules which imply that petitions submitted by a party who is not a state pilot would be considered without the requirement that the petitioner `open his books.'" (e.s.) Rather than closing the financial information that apparently had always been considered open, the bill sought to regulate when a financial statement was required to be submitted. See, Staff Analysis,supra, stating that HB 2503 "provides greater access to the rate-setting process for those who might seek a rate reduction."
While HB 2503 died in the Committee on Professional Regulation in the Senate, virtually identical provisions were passed as part of CS/CS/SB 2076 (Ch. 94-119, Laws of Florida). See, Staff Analysis, supra. And see, s. 310.151(2), Fla. Stat., which requires a financial statement from pilots requesting a change in rate. However, in the case of an application for a rate change filed on behalf of persons other than a pilot or group of pilots, information regarding the financial state of interested parties other than pilots shall be required only to the extent such information is made relevant by the application or subsequent argument before the board.
[6] See, Carawan v. State, 515 So.2d 161 (Fla. 1987) (courts are obligated to avoid construing statute so as to achieve an absurd or unreasonable result). And see, State v. Iacovone,660 So.2d 1371 (Fla. 1995) (statutes will not be interpreted so as to yield an absurd result).