THOMPSON, Judge.
The state appeals an order on William J. O’Rourke’s rule 3.850 motion for post-conviction relief which granted O’Rourke a new trial on the charge of attempted first-degree murder. O’Rourke cross-appeals alleging the trial court erred when it denied relief based upon his claim of ineffective assistance of counsel.
We affirm the order denying O’Rourke relief based on his claim of ineffective assistance of counsel. Substantial competent evidence supported the court’s finding that counsel advised O’Rourke of his right to testify and that O’Rourke made an informed decision not to testify. See Oisorio v. State, 676 So.2d 1363 (Fla.1996) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
We reverse the order that vacated O’Rourke’s conviction for attempted first-degree murder and that ordered a new trial on the ground that the jury was not instructed on justifiable and excusable homicide. The harmless error rule applies when a court fails to give an instruction on a lesser charge that is two steps removed from the crime for which a defendant has been convicted. State v. Abreau, 363 So.2d 1063 (Fla.1978). We reverse because O’Rourke was convicted of attempted first-degree murder and complains of an improper instruction on manslaughter. We distinguish Blandon v. State, 657 So.2d 1198 (Fla. 5th DCA 1995) because there the defendant was not convicted of first-degree murder. The information in Blandón charged a violation of section 784.07(3), Florida Statutes (1993), murder of a law enforcement officer, and the defendant was not convicted of any particular degree of murder. But compare, Isaac v. State, 626 So.2d 1082 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 624 (Fla.1994) with Thompson v. State, 667 So.2d 470 (Fla. 3rd DCA) (construing State v. Iacovone, 660 So.2d 1371 (Fla.1995)), rev. granted, 675 So.2d 931 (Fla.1996); accord, Moody v. State, 679 So.2d 23 (Fla. 1st DCA 1996).
Accordingly, we reverse the order vacating the conviction for attempted first-degree murder and ordering a new trial, we direct the court to reinstate the conviction of attempted first-degree murder, and we otherwise affirm the orders on the motion for post-conviction relief.
AFFIRMED in part, REVERSED in part.
W. SHARP, and GOSHORN, JJ„ concur.