KLEIN, J.
Appellant was charged with and sentenced for attempted first degree murder of a police officer. He seeks post-conviction relief, alleging ineffective assistance of counsel because his counsel failed to request jury instructions on lesser degrees of murder.
Attempted third degree murder is a nonexistent crime. Gutierrez v. State, 665 So.2d 294 (Fla. 5th DCA 1995). The only issue is whether appellant could have been found guilty of attempted second degree murder.
The statute criminalizing attempted murder of a law enforcement officer is section 784.07(3), Florida Statutes (1993). In State v. Iacovone, 660 So.2d 1371 (Fla.1995), our supreme court held that section 784.07(3) applies only to attempted first degree murder of a law enforcement officer. The third district interpreted Iacovone to mean that section 784.07(3) should be read as merely enhancing a conviction of attempted first degree murder when the victim is a law enforcement officer and the other elements of the statute are satisfied. Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996). In Moody v. State, 679 So.2d 23, 24 (Fla. 1st DCA 1996), the first district construed these eases as follows:
In light of Iacovone and State v. Gray, 654 So.2d 552 (Fla.1995) (holding that there is no crime of attempted felony murder in Florida), it is now apparent that one may be convicted of a violation of section 784.07(3) only if it is established that the murder attempted satisfies all of the elements found in that section and, in addition, the elements of first-degree premeditated murder.
We agree with the reasoning of Moody and the cases on which it relies, and *1229 conclude that there is no crime of attempted second degree murder of a law enforcement officer. Appellant’s counsel was not, accordingly, ineffective in failing to request instructions on lesser degrees of murder. Our analysis also disposes of appellant’s argument that his sentence should not have been for attempted first degree murder. We have considered the other issues and find them to be without merit.
Affirmed.
WARNER, and GROSS, JJ., concur.