PER CURIAM.
The State appeals the trial court’s determination ranking the offense of attempted second-degree murder of a law enforcement officer as a level four offense under the 1994 sentencing guidelines. We reverse and remand this matter for resen-tencing because the trial court should have reduced attempted second-degree murder of a law enforcement officer to the necessarily included offense of attempted second-degree murder and ranked it as a level eight offense.
On June 12, 1995, the defendant, Charles L. Wilson, pleaded nolo contende-re to attempted second-degree murder of a law enforcement officer,[1] resisting an officer with violence,[2] and battery.[3] He was sentenced to eight years in prison. Wilson later challenged his sentence for attempted second-degree murder of a law enforcement officer, pursuant to Florida Rule of Criminal Procedure 3.800(a), on the basis that section 784.07(3), Florida Statutes (1993), only applied to attempted first-degree murder and that the offense should have been ranked as a level four offense, pursuant to section 921.0013(2), Florida Statutes (1993). On resentencing, the trial court properly recognized that section 784.07(3) applies only to attempted first-degree murder. See State v. Iacovone, 660 So.2d 1371 (Fla.1995)(stating that sections 784.07(3) and 775.0825, Florida Statutes (1991) only apply to attempted first-degree murder). Although Iacovone was decided after Wilson’s conviction and sentence, the supreme court has held that the decision should be applied retroactively. See State v. Stevens, 714 So.2d 347 (Fla.1998). In resentencing Wilson, the trial court found attempted second-degree murder of a law enforcement officer to be unlisted in section 921.0012, Florida Statutes (1993), and ranked it as a level four offense, pursuant to section 921.0013(2).[4]
Section 784.07(3) does not create a separate criminal offense but rather imposes a penalty enhancement where the attempted murder victim is a law enforcement officer. See Merritt v. State, 712 So.2d 384, 385 (Fla.1998); see also Steverson v. State, 677 So.2d 398, 400 n. 3 (Fla. 2d DCA 1996). Since the supreme court has ruled that section 784.07(3) does not apply in the case of attempted second-degree murder, the underlying offense should be ranked as it would be without the law enforcement penalty enhancement contained in section 784.07(3). See Merritt, 712 So.2d at 385; Steverson, 677 So.2d at 400; Newbold v. State, 667 So.2d 996 (Fla. 3d DCA 1996).
In this case, Wilson’s primary offense of attempted second-degree murder of a law enforcement officer should have been reduced to the necessarily included offense of attempted second-degree murder without the felony reclassification based upon section 784.07(3). We must, therefore, reverse the sentence and remand with directions to reduce Wilson’s primary offense to the necessarily included offense of attempted second-degree murder which is a level eight offense under the 1994 sentencing guidelines.
Reversed and remanded for resentenc-ing.
*523 CAMPBELL, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.

. See § 784.07(3), Fla. Slat. (1993).

. See § 843.01, Fla. Slat. (1993).

. See § 784.03, Fla. Slat. (1993).

.Section 921.0013(2), Florida Statutes (1993) provides that any second-degree felony not listed in section 921.0012, Florida Statutes (1993) should be ranked as a level four offense.