PER CURIAM.
Bobby Steverson has filed a petition for writ of habeas corpus[1] alleging that his appellate counsel was ineffective in his direct appeal from a conviction for attempted second-degree murder. Petitioner raises several claims, only one of which we discuss in this opinion. He asserts his appellate counsel was deficient for failing to keep his case in the “pipeline” while the supreme court considered an issue it ultimately decided in his favor. Even assuming his appellate counsel was deficient, we find that Petitioner has failed to show he was prejudiced by this deficiency because we have already granted him the very relief he would be entitled to if he prevailed on his petition. All of Petitioner’s other claims are inappropriately raised in a petition alleging ineffective assistance of appellate counsel. We deny the petition.
At trial, Petitioner was convicted of attempted murder of a law enforcement officer. The trial court then imposed an enhanced sentence under sections 775.0825 and 784.07(3), Florida Statutes (1993). These two sections provide for an increased penalty when the intended victim is a law enforcement officer. On appeal, we directed that this enhancement be re *1162 moved and remanded for resentencing. See Steverson v. State, 677 So.2d 398 (Fla. 2d DCA 1996) (Steverson I). We recognized that a sentence for attempted murder could be enhanced under sections 775.0835 and 784.07(3) only where the underlying conviction was for attempted murder in the first degree. Because Petitioner had been convicted of second-degree murder, the law enforcement enhancement was inapplicable. See State v. Iacovone, 660 So.2d 1371 (Fla.1995). In addition, we directed the trial court to reduce Petitioner’s conviction to the necessarily-included offense of second-degree murder. He was resentenced, and we affirmed that resen-tencing in Steverson v. State, 712 So.2d 407 (Fla. 2d DCA 1998) (Steverson II).[2]
In our opinion in Steverson I, we included a footnote which stated:
A meritless issue within Steverson’s challenge to Count I is the notion that knowledge of the victim’s status as a law enforcement officer is an element in the crime of attempted murder of a law enforcement officer.
Steverson I, 677 So.2d at 399 n. 1.
After we issued our opinion, the Florida Supreme Court decided that knowledge of the victim’s status is an element to the crime of attempted murder of a law en-, forcement officer, thus invalidating our footnote. See Thompson v. State, 695 So.2d 691 (Fla.1997). Petitioner points out that the jury in his trial was not instructed on this knowledge requirement. He now claims in his petition that his appellate counsel was ineffective for failing to keep his case in the “pipeline.” Petitioner claims that had his counsel done so, he could have raised the trial court’s failure to properly instruct the jury and this court would have to overturn his conviction.
We find Petitioner’s argument unpersuasive because we fail to see how the Thompson decision would have helped him. That is, even if his appellate counsel had kept his case in the “pipeline” as Petitioner claims he should have, the outcome of his appeal would have been no different. Sections 775.0825 and 784.07(3), Florida Statutes (1993), do not set out a separate criminal offense, rather they provide for a sentencing enhancement that is to be applied when a defendant has been convicted of specific crimes against law enforcement officers. See Steverson I, 677 So.2d at 400 n. 3.; see also Merritt v. State, 712 So.2d 384, 385 (Fla.1998). Thus, even if Petitioner were able to present a Thompson argument, and even assuming the jury was inappropriately instructed, the appropriate remedy would have been for this court to require the trial court to remove the sentencing enhancement. This is precisely the relief we granted him in Steverson I. We directed the sentencing enhancement be removed because of Iaco-vone. Therefore, Petitioner has suffered no prejudice from his appellate counsel’s alleged shortcoming, and we must deny his petition. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir.1987) (noting that Strickland standards apply to both trial and appellate counsel).
Petition for writ of habeas corpus denied.
PATTERSON, C.J., and CASANUEVA and SALCINES, JJ., Concur.

. Under the authority of Florida Rule of Appellate Procedure 9.040(c), we treat Stever-son’s petition for writ of habeas corpus as a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.140®.

. In considering this petition, it has come to our attention that Petitioner's judgment still reflects he was convicted of attempted second-degree murder of a law enforcement officer, although the degree of the offense indicated on the judgment shows the law enforcement sentencing enhancement was not applied. His judgment should be corrected to read that he was convicted only of attempted second-degree murder, as we directed in Steverson I.