PER CURIAM.
We vacate appellant’s sentence and remand this case for the trial court to resen-tence appellant pursuant to a corrected scoresheet indicating appellant committed a second-degree felony rather than a first-degree felony. See Harris v. State, 667 So.2d 265, 266 (Fla. 1st DCA 1995)(vacat-ing appellant’s sentence and remanding the case for resentencing because the guidelines scoresheet incorrectly scored the offenses as first-degree felonies rather than second-degree felonies); State v. Iacovone, 660 So.2d 1371 (Fla.1995)(holding that section 784.07(3), Florida Statutes (1993), which classifies attempted murder of a law enforcement officer as a life felony, is limited to first-degree murder); State v. Stevens, 714 So.2d 347 (Fla.1998)(holding that Iacovone must be applied retroactively).
REMANDED.
BENTON, PADOVANO and POLSTON, JJ., concur.