666 So.2d 260 (1996)
James LOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2692.
District Court of Appeal of Florida, Fourth District.
January 17, 1996.
*261 James Logan, Malone, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
The trial court denied appellant's 3.800(a) motion, concluding that a subsequent change in the law on sentencing, involving legal constraint points, is not retroactive. We reverse.
Appellant pled nolo contendere to three counts of aggravated assault and was sentenced, on August 31, 1990, to five years on counts one and two, and two years on count three, all to run consecutively. Because appellant was on probation at the time, he was assessed 36 points on his guidelines scoresheet for legal constraint on each of the three counts, for a total of 108 legal constraint points. These points made appellant's maximum permitted guidelines sentence twelve years, which he received.
Appellant argues that a subsequent decision, Flowers v. State, 586 So.2d 1058 (Fla. 1991), in which our supreme court held that legal constraint points should only be used once in calculating a guidelines sentence, is retroactive and that his sentence is thus illegal. The maximum sentence appellant could have received after Flowers would have been 5 1/2 years.
In Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), our supreme court held that a change in the law would not be retroactive unless it (1) originates in either the United States Supreme Court or the Florida Supreme Court; (2) is constitutional in nature; and (3) has fundamental significance. Our Supreme Court's recent application of the Witt test in State v. Callaway, 658 So.2d 983 (Fla. 1995), persuades us that Flowers is retroactive.
The issue in Callaway was whether Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994) was retroactive. In Hale our supreme court had concluded that there was no statutory authority for imposing consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode. In determining whether Hale was a change of law which was constitutional in nature the court stated:
As the district court in the instant case recognized, in the absence of an empowering statute, the imposition of consecutive habitual felony offender sentences for offenses arising out of a single criminal episode could not withstand a due process analysis. Callaway, 642 So.2d at 640. Furthermore, the decision in Hale significantly impacts a defendant's constitutional liberty interests.
Callaway, 658 So.2d at 986.
The Florida Supreme Court posed the issue in Flowers as "whether the Legislature intended that a multiplier be applied when calculating legal constraint points." 586 So.2d at 1059. In order to resolve conflicting opinions in Flowers, the court resorted to our lenity statute, section 775.021(1), Florida Statutes (Supp. 1988) and held that our sentencing guidelines, when susceptible of different interpretations, must be construed in favor of the defendant.
Lenity, although codified by our legislature in section 775.021(1), is founded on the due process requirement that criminal statutes must apprise ordinary persons of common intelligence as to what is prohibited. Perkins v. State, 576 So.2d 1310, 1312-13 (Fla. 1991). Lenity applies "not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." Carawan v. State, 515 So.2d 161, 165 (Fla. 1987), quoting Albernaz v. United States, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981). Because lenity involves due process, Flowers was constitutional *262 in nature, and thus complies with the second requirement of Witt.
As for the third prong of Witt, which is that the change must have fundamental significance, our supreme court explained in Callaway:
According to the Witt court, decisions which have fundamental significance generally fall into two broad categories: (a) those decisions such as Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), "which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties;" and (b) decisions such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which "are of sufficient magnitude to necessitate retroactive application" under the threefold test of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)... .
Under Stovall, consideration must be given to (i) the purpose to be served by the new rule; (ii) the extent of reliance on the old rule; and (iii) the effect that retroactive application of the rule will have on the administration of justice.
658 So.2d at 986-987.
The United States Supreme Court no longer applies its own Stovall test to determine retroactivity on collateral review. In Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) the Court announced a distinction between direct appeals and collateral review, and limited the Stovall test to direct appeals, adopting a more stringent retroactivity test for collateral appeals. Callaway, however, involved collateral review, and since our supreme court used the Stovall test in Callaway, we apply it here.
The first Stovall consideration  the purpose to be served by the new rule  is, in the present case, that the sentence not exceed the period authorized by statute. That complies with Stovall. Callaway at 987. The second requirement  the extent of reliance on the old rule  complies with Stovall since the guidelines did not go into effect until 1984, and the supreme court resolved this problem when it decided Flowers in 1991. The third factor  the effect that retroactive application of Flowers will have on the administration of justice  is the same as the effect of Hale being held retroactive in Callaway:
Courts will not be required to overturn convictions or delve extensively into stale records to apply the rule. The administration of justice would be more detrimentally affected if criminal defendants who had the misfortune to be sentenced during the six year window between the amendment of section 775.084 and the decision in Hale are required to serve sentences two or more times as long as similarly situated defendants who happened to be sentenced after Hale.

658 So.2d at 987.
We therefore reverse the order denying the 3.800 motion and remand for correction of the scoresheet and resentencing.
GLICKSTEIN and SHAHOOD, JJ., concur.