PER CURIAM.
Affirmed. The state showed by a preponderance' of the evidence that the out-of-state conviction it relied on for the prior felony for habitual violent felony offender status was a conviction of appellant’s. See § 775.084(l)(b), (3)(d), Fla. Stat. (1993). With respect to the seoresheet error, the state concedes that the trial court erroneously added points for the victim’s death, an offense for which appellant was not found guilty. See Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995). However, we agree with the state that the error was harmless given the trial court’s imposition of the maximum sentence allowable for a habitual violent offender. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved on other grounds, 586 So.2d 340 (Fla.1991).
However, we remand for the trial court to correct the clerical error in the final judgment to show that appellant was convicted of attempted second degree murder in violation of section 782.04(2).
WARNER, STEVENSON and PARIENTE, JJ., concur.