693 So.2d 1040 (1997)
Stacy GANTORIUS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1021.
District Court of Appeal of Florida, Third District.
May 14, 1997.
*1041 Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven Groves, Assistant Attorney General, for appellee.
Before NESBITT, COPE and SORONDO, JJ.
SORONDO, Judge.
Stacy Gantorius ("Gantorius"), appeals an order denying his motion to correct illegal sentence. On April 25, 1991, Gantorius was charged with four counts of attempted firstdegree murder of a law enforcement officer, as well as burglary, kidnapping, aggravated assault, aggravated battery, unlawful possession of a firearm and resisting an officer with violence. On November 15, 1991, the jury returned a guilty verdict, in pertinent part, on four counts of attempted second degree murder of a law enforcement officer as lesser included offenses. Gantorius was convicted and sentenced to four concurrent life sentences with 25-year minimum mandatory provisions pursuant to sections 784.07(3) and 775.0825, Florida Statutes. On July 6, 1993, this Court affirmed his judgment and sentence. Gantorius v. State, 620 So.2d 268 (Fla. 3d DCA 1993).
On September 21, 1995, the Supreme Court held that these statutes, providing for enhancement of a conviction for attempted murder of a law enforcement officer to a life felony, apply only to the charge of attempted first-degree murder. State v. Iacovone, 660 So.2d 1371, 1374 (Fla.1995).
On January 22, 1996, Gantorius filed a 3.800(a) motion to correct illegal sentence, alleging pursuant to the holding of Iacovone that the trial court erred by punishing his offenses of attempted second degree murder of a law enforcement officer more harshly than the completed act. On March 15, 1996, the trial court denied the motion to correct illegal sentence. Gantorius filed a timely appeal, pro se. Pursuant to this Court's Order to Show Cause the state responded on May 16, 1996. After reviewing the state's response the Court appointed the Public Defender to file a brief on behalf of Gantorius with respect to the Iacovone issue.
The state first argues that Gantorius' sentence is not illegal as a matter of law and consequently he is not entitled to relief under Fla.R.Cr.P. 3.800. We disagree. If this court decides that the principles enunciated in Iacovone are applicable to the Appellant's case, the sentences at issue in this appeal are in excess of the statutory maximum of 30 years.
Gantorius argues that the Iacovone decision should be applied retroactively to his case because it satisfies the test set forth in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), for retroactive application of a new decision. Witt held that in order for a change of law to have such application the change must, 1) emanate from the Florida Supreme Court or the Supreme Court of the United States; 2) be constitutional in nature; and 3) constitute a development of fundamental significance. We believe that the Iacovone decision satisfies this test and must be applied retroactively.
It is undisputed that Iacovone is a decision of the Supreme Court of Florida, consequently the first prong of the Witt test is satisfied.
The state argues that the second prong of the test is not satisfied because the Supreme Court specifically stated that it was resolving the issues presented in Iacovone on the basis of standard rules of statutory construction without reaching the constitutional issue.[1] The state's interpretation of the second part of the test is far too restrictive. In *1042 analyzing the second prong of the Witt test the issue is not whether the decision in question was resolved on the basis of a particular section of the Constitution but whether the decision is constitutional in nature. In Hale v. State, 630 So.2d 521 (Fla.1993), the Supreme Court of Florida held, as a matter of statutory construction, that a trial court could not impose consecutive sentences when sentencing a criminal defendant under the provisions of section 775.084, Florida Statutes (Supp.1988), the habitual violent offender statute. In State v. Callaway, 658 So.2d 983, 986 (Fla.1995), the Court acknowledged that its decision in Hale had been constitutional in nature and said, "... in the absence of an empowering statute, the imposition of consecutive habitual felony offender sentences for offenses arising out of a single criminal episode could not withstand a due process analysis ... Furthermore, the decision in Hale significantly impacts a defendant's constitutional liberty interests." We find the same reasoning applies to Iacovone and conclude that it is constitutional in nature.
Finally, as concerns the fundamental significance of Iacovone, we pursue the analysis of the Supreme Court in Callaway where the Court stated:
According to the Witt court, decisions which have fundamental significance generally fall into two broad categories: (a) those decisions such as Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), "which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties;" and (b) decisions such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), "which are of sufficient magnitude to necessitate retroactive application" under the threefold test of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). We need not decide whether the rule announced in Hale can be characterized as one of fundamental significance because we believe that the rule satisfies the threefold test of Stovall.

Callaway, 658 So.2d at 986-87. As the Supreme Court did in Callaway, we move on to apply the Stovall test to the present analysis.[2]
In Stovall, the United States Supreme Court held that consideration must be given to 1) the purpose to be served by the new rule; 2) the extent of reliance on the old rule; and 3) the effect that retroactive application of the rule will have on the administration of justice. Stovall, 388 U.S. at 297, 87 S.Ct. at 1970.
The purpose of the rule announced in Iacovone is to ensure that the maximum penalty for a criminal attempt is not greater than that established for the completed crime.
The extent of reliance on the old rule in this area is limited to the brief life span of section 784.07(3), Florida Statutes. The statute became effective on October 1, 1988 and was eliminated on June 8, 1995. Reliance was therefore limited to 6 years and 8 months.[3]
The last of the Stovall factors directs the court to consider the impact that the retroactive application of the rule will have on the administration of justice. We conclude that the impact will not be significant. If applied retroactively, Iacovone will not affect convictions. There will therefore be no need to address the issues of guilt or innocence, no need to track down witnesses or engage in lengthy and costly preparation of old cases for trial. The most that will be required of our Circuit Courts is to re-sentence the affected defendants. Although this will require the transportation of the prisoners in question to the appropriate venues, the process *1043 of re-sentencing itself will be relatively brief.
For the reasons set forth above, we find that the factors set forth by the Supreme Court of Florida in Witt for retroactive application of new law have been satisfied.[4]
Because this is an issue which will ultimately have to be decided by the Supreme Court, we certify the following question as one of great public importance:
DOES THE HOLDING OF STATE V. IACOVONE, 660 So.2d 1371 (Fla.1995) SATISFY THE TEST OF WITT V. STATE, 387 So.2d 922 (Fla.1980), FOR RETROACTIVE APPLICATION?
We reverse the denial of the Appellant's motion to correct illegal sentence and remand with instructions that the sentences imposed in the four counts of attempted second degree murder be vacated and the defendant be re-sentenced thereon.
Reversed; question certified.
NOTES
[1] The Court observed in footnote 1 of the opinion that "were we to address the constitutional issue, the penalty scheme proposed by the State would face formidable due process hurdles." 660 So.2d at 1373.
[2] We note, as did the Fourth District Court of Appeal in Logan v. State, 666 So.2d 260, 262 (Fla. 4th DCA 1996), that the United States Supreme Court no longer applies the Stovall test to determine retroactivity on collateral review. In Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) the Court announced a more stringent standard for the determination of retroactivity for collateral appeals. Because the Florida Supreme Court applied the Stovall test to decide Callaway we do the same here.
[3] In Callaway, the Court found a six year period of reliance to have been brief.
[4] See also, Flowers v. State, 586 So.2d 1058 (Fla.1991); Logan v. State, 666 So.2d 260 (Fla. 4th DCA 1996).