710 So.2d 62 (1998)
Charles J. PITTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-590.
District Court of Appeal of Florida, Third District.
March 25, 1998.
Rehearing Denied June 10, 1998.
Ivy Ginsberg Shanock, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
Charles J. Pitts appeals his convictions for armed robbery, armed kidnapping and attempted second degree murder.
First, the evidence was sufficient to convict defendant-appellant Pitts on the charge of kidnapping where the defendant and codefendant locked the two convenience store clerks in a back room prior to leaving the store after the robbery. See Berry v. State, 668 So.2d 967, 969 (Fla.1996).
Second, we conclude that the evidence was sufficient to convict defendant of attempted second degree murder, where defendant shot the unarmed convenience store clerk in the leg after the clerk told defendant that the safe was on a timer and would require ten minutes to open. See Brown v. State, 569 So.2d 1320, 1321 (Fla. 1st DCA 1990); see also Gentry v. State, 437 So.2d 1097, 1099 (Fla.1983).
Third, defendant argues that under the logic of State v. Gray, 654 So.2d 552 (Fla. 1995), there should be no such crime as attempted second degree murder where the defendant has committed the completed act of shooting the victim in the leg. Defendant argues that the logic of Gray should be applied so as to hold that there can be no crime of attempted second degree murder under these circumstances. Since Gray was confined, by its terms, to the offense of attempted first degree felony murder, and since the *63 Florida Supreme Court has expressly recognized the existence of the crime of attempted second degree murder and further, has held that the crime is one requiring only general intent, not the specific intent to kill, see Gentry, 437 So.2d at 1099, we reject defendant's argument on this point. See generally Watkins v. State, No. 96-3129, 705 So.2d 938 (Fla. 5th DCA 1998).
There is no merit to the claim of involuntary confession.
Affirmed.