PER CURIAM.
Appellant, Robert Earl Wiley, appeals the denial of his 3.850 motion for postconviction relief. We agree with the trial court’s ruling that State v. Gray, 654 So.2d 552 (Fla.1995), does not apply retroactively to invalidate this defendant’s conviction. See State v. Woodley, 695 So.2d 297 (Fla.1997). The trial court also ruled that State v. Iacovone, 660 So.2d 1371 (Fla.1995), should not be applied retroactively to invalidate the sentence imposed on Wiley. The Florida Supreme Court has now ruled that Iacovone is to be retroactively applied. State v. Stevens, 23 Fla. L. Weekly S166, — So.2d — (Fla. March 26, 1998). The trial court ruled in the alternative that Iacovone is not relevant to this appellant’s sentence. However, we cannot determine from the attachments to the order denying postconviction relief whether that determination is accurate. The documents attached were from the sentence originally imposed in 1992 and not the sentence imposed after this court’s reversal and remand in 1994. See Wiley v. State, 636 So.2d 547 (Fla. 1st DCA 1994). Accordingly, we reverse and remand for reconsideration. If the trial court again concludes that the Iacovone decision is not relevant to this case, the pertinent portions of the record should be attached to the order.
MICKLE, LAWRENCE and DAVIS, JJ., concur.