722 So.2d 928 (1998)
Patrick SWEENEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1990
District Court of Appeal of Florida, Fourth District.
December 16, 1998.
Rehearing Denied January 15, 1999.
*929 Bruce Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderedale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Patrick G. Sweeney appeals from a trial court's order that denied his rule 3.850 motion. Sweeney's postconviction motion was prompted by the supreme court's decision in Thompson v. State, 695 So.2d 691 (Fla.1997), which resolved a conflict among two district courts of appeal[1] and held that the knowledge of the victim's status as a law enforcement officer is a necessary element of the offense of attempted murder of a law enforcement officer. Sweeney argues that Thompson requires retroactive application on collateral review. We disagree.
To reiterate the background facts of this case, on September 15, 1991, Officer Andrew Weiman, who was dressed in full police uniform, was working an off-duty detail as a security guard at the Sea Haven Apartment Complex in Pompano Beach. While patrolling the grounds of the Sea Haven, he heard the sound of glass breaking and an alarm sounding across the street at Casa La Quinta Apartment Complex. He then saw Sweeney running east on the fourth floor walkway of Casa La Quinta. Weiman subsequently ran across the street, where he encountered Sweeney in the alcove underneath the stairwell leading to the floors above.
Although Officer Weiman did not specifically identify himself as a police officer, his uniform consisted of a name tag, a badge, shoulder stripes, a police radio, a service revolver, a flashlight, a bullet proof vest. He did not tell Sweeney why he was stopped, nor tell him he was under arrest, but did tell him various times to put his hands against the wall. Sweeney resisted, retrieved a pistol from a holster hidden in his pants, and fired at Officer Weiman. Officer Weiman shot back, hitting Sweeney, who finally collapsed.
In October 1991, Sweeney was charged with attempted first degree murder of a law enforcement officer, armed escape, attempted burglary, resisting arrest with violence, armed trespassing on property other than a structure or conveyance, and carrying a concealed firearm. At trial, the court refused to instruct the jury, per Sweeney's request, that the state had to prove beyond a reasonable doubt that the victim was an officer and that Sweeney knew of same. He was convicted of attempted first degree felony murder of a law enforcement officer with a firearm, and *930 sentenced under sections 784.07(3)[2] and 775.0825, Florida Statutes (1991) to a total of twenty-five years imprisonment, with a twenty-five year minimum mandatory. Sweeney appealed from his conviction, and this court affirmed. See Sweeney v. State, 633 So.2d 66 (Fla. 4th DCA 1994).
The issue raised in the instant motion is whether Thompson is retroactive. Hence, the three-prong test of Witt v. State, 387 So.2d 922 (Fla.1980) applies. Under Witt, for a case to apply retroactively, it must (1) emanate from the United States Supreme Court or the Florida Supreme Court, (2) be constitutional in nature, and (3) constitute a development of fundamental significance. Id. at 931. The first prong is clearly met in this case.
The second prong presents a more difficult question. The Thompson opinion does not expressly state whether the court's decision implicates matters that are constitutional in nature. Nevertheless, our analysis of pertinent case law leads us to conclude the Thompson opinion is not constitutional in nature and, thus, the second prong of Witt is not satisfied in this case.
The Thompson opinion is dissimilar from cases implicating constitutional concerns, such as State v. Callaway, 658 So.2d 983 (Fla.1995). In Callaway, the supreme court retroactively applied its decision in Hale v. State, 630 So.2d 521 (Fla.1993), which it found constitutional in nature. Although the Hale court did not directly declare any law unconstitutional, it prohibited the imposition of consecutive habitual felony offender sentences for offenses arising out of a single criminal episode. The Callaway court found the Hale decision to significantly impact a defendant's constitutional liberty interests because "in the absence of an empowering statute the imposition of consecutive habitual felony offender sentences for offenses arising out of a single criminal episode could not withstand a due process analysis." Callaway, 658 So.2d at 986 (citations omitted).
Similarly, in House v. State, 696 So.2d 515 (Fla. 4th DCA 1997), this court analyzed whether King v. State, 681 So.2d 1136 (Fla. 1996) was constitutional in nature. In King, the supreme court found that sentencing a defendant under both sections 775.082 and 775.084, Florida Statutes(1989) is "not authorized by section 775.084" and is "in fact inconsistent with the plain language of the statute." King, 681 So.2d at 1140. Comparing the result reached in Callaway, this court held that King was constitutional in nature because sentencing an individual as a habitual offender upon revocation of probation where the trial court was not authorized by statute to do so could not "withstand a due process analysis." House, 696 So.2d at 518.
In Logan v. State, 666 So.2d 260 (Fla. 4th DCA 1996), this court addressed whether Flowers v. State, 586 So.2d 1058 (Fla.1991), in which the supreme court held that legal constraint points should only be used once in calculating a guidelines sentence, was retroactive. To resolve conflicting opinions in Flowers, the court resorted to Florida's lenity statute, section 775.021(1), Florida Statutes (Supp.1988), and held that the sentencing *931 guidelines, when susceptible of different interpretations, must be construed in favor of the defendant. Flowers, 586 So.2d at 1059. This court, noting that lenity is founded on the due process requirement that criminal statutes must apprise ordinary persons of common intelligence as to what is prohibited, held that Flowers implicated constitutional concerns. Logan, 666 So.2d at 261 (citation omitted). This court, thus, held that Flowers complied with the second requirement of Witt. Id. at 262.
Thompson, in contrast, does not implicate the same degree of due process and/or liberty concerns that were at issue in House and Logan. Rather, the Thompson court merely applied principles of statutory construction in holding that the statute implicitly requires a factual finding that the defendant have knowledge of the victim's status; it did not create nor abrogate any substantive rights or offense. As such, we conclude Thompson does not satisfy the second prong of Witt and, therefore, hold that the decision should not be applied retroactively. Accordingly, we affirm the trial court's denial of Sweeney's rule 3.850 motion.
AFFIRMED.
STONE, C.J., and DELL and POLEN, JJ., concur.
NOTES
[1] Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996) and Grinage v. State, 641 So.2d 1362 (Fla. 5th DCA 1994).
[2] Section 784.07(3) provided as follows:

784.07. Assault or battery of law enforcement officers, firefighters, or other specified officers; reclassification of offenses
(1)(a) As used in this section, the term "law enforcement officer" includes....
* * *
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer, ... the offense for which the person is charged shall be reclassified as follows:
(a) In the case of assault, from a misdemeanor of the second degree to a misdemeanor of the first degree.
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
(c) In the case of aggravated assault, from a felony of the third degree to a felony of the second degree.
(d) In the case of aggravated battery, from a felony of the second degree to a felony of the first degree.
(3) Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
§ 784.07(3), Fla. Stat. (1991)(emphasis supplied).