733 So.2d 598 (1999)
Darnell L. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 99-262.
District Court of Appeal of Florida, Fifth District.
June 11, 1999.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, J.
Appellant was convicted of attempted second degree murder which he says is a "nonexistent" crime. He says that because an attempt requires specific intent and second degree murder is a general intent crime, there can be no attempt to commit a crime which does not require intent. There are many cases from the appellate courts and many learned opinions; majority, concurring, and dissents discussing this issue. See State v. Gray, 654 So.2d 552, 553-54 (Fla.1995)(ruling that there is no crime of attempted felony *599 murder); Quesenberry v. State, 711 So.2d 1359 (Fla. 2d DCA 1998)("We ... leave to the supreme court the task of deciding whether its decision in [State v. Gray] eliminates the crime of attempted second degree murder"); Pitts v. State, 710 So.2d 62, 62-63 (Fla. 3d DCA 1998)(holding that the crime is recognized and "requir[es] only general intent, not the specific intent to kill"); Watkins v. State, 705 So.2d 938, 940 (Fla. 5th DCA 1998)(Cobb, J., concurring specially)(citing State v. Gray and stating that "[i]f the crime of attempted felony murder does not exist, then neither, it would seem, could the crime of attempted second degree murder ...").
The time has come for our supreme court to directly address and put to rest this question which we certify as being of great public importance.
DOES THE CRIME OF ATTEMPTED SECOND DEGREE MURDER EXIST IN FLORIDA?
In the meantime we stick with our precedent and affirm the conviction.
AFFIRMED.
PETERSON and ANTOON, JJ., concur.