PER CURIAM.
Robert Earl Wiley, the defendant, appeals his habitual felony offender sentence of fifteen years for the crime of attempted third degree murder of a law enforcement officer. We conclude that the trial court erred in classifying this offense as a second degree felony. Therefore, we reverse for resentencing.
The defendant was originally sentenced on June 17, 1992. At that time, the courts were applying the enhancement provisions of section 784.07, Florida Statutes, which made the crime of attempted third degree murder of a law enforcement officer a life felony. See § 784.07(3), Fla. Stat. (1991). The trial court sentenced the defendant as a habitual felony offender to thirty years with a mandatory minimum term of twenty-five years. We reversed on the ground that habitual felony offender status cannot be used to enhance a life felony offense. See Wiley v. State, 636 So.2d 547 (Fla. 1st DCA 1994). On remand, the defendant was sentenced to twenty-five years with a mandatory minimum term of twenty-five years.
While the defendant was serving his sentence, the supreme court determined that the enhancement under section 784.07, Florida Statutes, for attempted murder of a law enforcement officer can be applied only to attempted first degree murder. See State v. Iacovone, 660 So.2d 1371 (Fla.1995). The defendant filed a motion for postconviction relief based on the Iacovone decision, but the motion was summarily denied. We reversed on procedural grounds, see Wiley v. State, 710 So.2d 724 (Fla. 1st DCA 1998), and the trial court then granted the motion and imposed the sentence that is the subject of the present appeal.
We find no error in the application of the habitual offender statute, but we conclude that under the holding in Iacovone, the crime of attempted third degree murder is a third degree felony and not a second degree felony as the trial court assumed. See Iacovone v. State, 639 So.2d 1108 (Fla. 2d DCA 1994), aff'd, 660 So.2d 1371 (Fla.1995). Because the decision in Iacovone is retroactive, see State v. Stevens, 714 So.2d 347 (Fla.1998), the defendant is entitled to relief in the present case. With the enhancement authorized by the habitual offender statute, the maximum sentence the defendant could receive for a third degree felony is ten years. Accordingly, we reverse for resentencing.
Reversed.
BARFIELD, C.J., MINER and PADOVANO, JJ., CONCUR.