752 So.2d 1244 (2000)
Rafael RIVERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-442.
District Court of Appeal of Florida, Third District.
March 8, 2000.
Bennett H. Brummer, Public Defender, and Andrew Stanton and Maria E. Lauredo, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
*1245 PER CURIAM.
Rafael Rivero appeals his convictions on two counts of attempted second degree murder with a firearm. We affirm in part and reverse in part.
During the State's closing argument, the prosecutor made a litany of improper closing arguments, where the trial court sustained objections eight times. These included a claim that a witness to the crime avoided service of process, a fact not in evidence in the case; what amounted to a "conscience of the community" argument; disparaging attacks on defense counsel and the defense of the case; and vouching for credibility of one of the prosecution witnesses. See Ruiz v. State, 743 So.2d 1, 4 (Fla.1999); Gomez v. State, 751 So.2d 630 (Fla. 3d DCA 1999); Kiwanis Club of Little Havana, Inc. v. de Kalafe, 723 So.2d 838, 842 (Fla. 3d DCA 1998).
There was an unobjected-to claim that someone had gotten a witness to change his testimony, which was a clear suggestion that the defense had tampered with the witness. There was a comment apparently suggesting that the State had additional facts, not in evidence, regarding a controversy between the victims and the defendant the night before the shooting. See Ruiz, 743 So.2d at 4; Ford v. State, 702 So.2d 279, 280 (Fla. 4th DCA 1997).
As we are unable to say that the comments were harmless based on the facts of the present case, we conclude that the defense motion for mistrial should have been granted. See Riley v. State, 560 So.2d 279 (Fla. 3d DCA 1990). We trust that the prosecutor will not repeat any of these impermissible closing arguments at the retrial.
The defendant also argues that the offense of attempted second degree murder is a nonexistent offense under Florida law. We reject this claim, and affirm on this issue, on authority of Gentry v. State, 437 So.2d 1097 (Fla.1983), Pitts v. State, 710 So.2d 62 (Fla. 3d DCA 1998), and Lopez v. State, 742 So.2d 531 (Fla. 3d DCA 1999). However, the Florida Supreme Court has accepted jurisdiction in Brown v. State, 733 So.2d 598 (Fla. 5th DCA 1999), review granted, 744 So.2d 452 (Fla. 1999). In Brown the Fifth District certified the following question:
DOES THE CRIME OF ATTEMPTED SECOND DEGREE MURDER EXIST IN FLORIDA?
733 So.2d at 599. So that the instant case will be treated consistently, we certify the same question.
Affirmed in part; reversed and remanded for new trial; question certified.