PER CURIAM.
This is an appeal from a resentencing order after a jury trial, In 1991, Stacy Gantorius was convicted of trespass of an occupied dwelling with a firearm; battery; aggravated assault with a firearm; four counts of attempted second degree murder with a firearm on a law enforcement officer; possession of a firearm in the commission of a felony; and resisting an officer without violence. He was sentenced concurrently as follows:
Trespass of occupied dwelling with a fire-5 years arm
Battery — Suspended sentence
Aggravated assault with a firearm — 5 years
Attempted second degree murder on law — Life with a enforcement officer with a firearm 25 year minimum mandatory
Attempted second degree murder on law — Life with a enforcement officer with a firearm 25 year minimum mandatory
Attempted second degree murder on law — Life with a enforcement officer with a firearm 25 year minimum mandatory
Attempted second degree murder on law — Life with a enforcement officer with a firearm 25 year minimum mandatory
Possession of firearm in the commission of — 15 years a felony
Resisting officer with violence — 5 years
In a direct appeal to this court, the appellant argued that the trial court’s failure to instruct the jury, that in order to convict him of attempted murder of law enforcement officers he had to have had knowledge that the victims were law enforcement officers, constituted reversible error. We affirmed his convictions on July 6, 1993. See Gantorius v. State, 620 So.2d 268 (Fla. 3d DCA 1993).
On September 21, 1995, however, the Florida Supreme Court in State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995) held that the law enforcement enhancement provision of sections 784.07(3) and 775.0825, Fla. Stat. (1991) applied only to attempted first degree murder of a law *489 enforcement officer, not to attempted second degree murder, which was the offense with which the appellant here was charged. By way of a motion made pursuant to Rule - 3.800(a), Florida Rules of Criminal Procedure, the appellant then argued that pursuant to Iacovone, the trial court erred in applying the law enforcement enhancements to his four convictions of attempted second degree murder of a law enforcement officer. This motion was denied by the trial court. We reversed finding that Iacovone applied retroactively to this case and certified the question to the Florida Supreme Court. See Gantorius v. State, 693 So.2d 1040, 1043 (Fla. 3d DCA 1997). The Florida Supreme Court later approved this decision and held that Iacovone applied retroactively to the appellant and required him to be resen-tenced. See State v. Gantorius, 708 So.2d 276, 277 (Fla.1998).
At the resentencing hearing below, the appellant argued that he could not be re-sentenced on the four attempted second degree murder counts because attempted second degree murder was a nonexistent crime. The trial court found no merit to this argument and proceeded to resen-tence the appellant on the four attempted second degree murder counts. The appellant’s use of a firearm was used to enhance or reclassify each of these counts to a first degree felony pursuant to section 775.087(l)(b), Fla. Stat. (1991). See Baque v. State, 653 So.2d 1105, 1106 (Fla. 3d DCA 1995); Harris v. State, 650 So.2d 639, 641 (Fla. 4th DCA 1995). Consequently, the trial court resentenced the appellant on each of the four attempted second degree murder counts to 25 years each, concurrent with each other, but consecutive to the 15 year sentence it had previously imposed on the count for possession of a firearm during the commission of a felony for a total of 40 years. The sentences on the other counts remained the same. The appellant timely perfected the instant appeal and raises two issues.
First, the appellant argues that his convictions and sentences for attempted second degree murder should be vacated because the offense of attempted second degree is a nonexistent crime under Florida law. We find no merit to this argument and affirm this issue, on the authority of Gentry v. State, 437 So.2d 1097, 1099 (Fla.1983); Rivero v. State, 752 So.2d 1244 (Fla. 3d DCA 2000); Pitts v. State, 710 So.2d 62 (Fla. 3d DCA 1998); and Lopez v. State, 742 So.2d 531 (Fla. 3d DCA 1999). We note, however, that the Florida Supreme Court has accepted jurisdiction in Brown v. State, 733 So.2d 598 (Fla. 5th DCA 1999), review granted, 744 So.2d 452 (Fla.1999) to answer the following certified question:
DOES THE CRIME OF ATTEMPTED SECOND DEGREE MURDER EXIST IN FLORIDA?
733 So.2d at 599. As we did in Rivero, we certify the same question so that this case will be treated consistently.
As his final issue on appeal, the appellant argues that his convictions and sentences, for the four attempted second degree murder with a firearm counts along with his conviction and sentence for possession of a firearm in the commission of a felony, are violative of his double jeopardy rights and therefore require the reversal of the conviction and sentence for possession of a firearm during the commission of a felony. We agree.
Where, as here, the attempted second degree murder convictions have been enhanced because of the appellant’s use of a firearm, the single act involving the use of the same firearm during the commission of these same attempted murders cannot form the basis of a separate conviction and sentence for possession of a firearm during the commission of a felony. See Cleveland v. State, 587 So.2d 1145, 1146 (Fla.1991); Marmol v. State, 750 So.2d 764, 766 (Fla. 3d DCA 2000); Acosta v. State, 738 So.2d 487, 488 (Fla. 3d DCA 1999); Vidal v. State, 704 So.2d 746 (Fla. 3d DCA 1998); Wimberly v. State, 649 So.2d 338 (Fla. 3d *490 DCA 1995); Sales v. State, 653 So.2d 456 (Fla. 3d DCA 1995). Accordingly, we reverse with directions that the appellant’s conviction and sentence for possession of a firearm during the commission of a felony be vacated.
Obviously, our resolution of this issue is squarely dependent upon our earlier reaffirmation that attempted second degree murder is an existing crime in Florida. If, the Florida Supreme Court decides to recede from its earlier decision in Gentry v. State, 437 So.2d 1097 (Fla.1983) and finds that attempted second degree murder is a non-existing crime, the state will be entitled to have the appellant’s conviction and sentence, for unlawful possession of a firearm during the commission of a felony, reinstated.
Affirmed in part. Reversed and remanded with directions in part. Question certified.