FLETCHER, Judge.
Anthony L. Balfour was charged with first-degree murder, attempted second-degree murder, and armed burglary. Prior to trial, the defense moved to suppress Balfour’s confession and certain physical evidence discovered pursuant to a consent search of Balfour’s home. The defense argued that Balfour is of low I.Q. and nearly illiterate, thus neither voluntarily waived his Miranda rights nor truly consented to the search. In support of its argument the defense presented an expert witness who testified that Balfour had only a rudimentary understanding of his rights.
The State presented the testimony of the police officers who interacted with Balfour at the time of the arrest, search, and confession. The officers testified that Balfour indicated at the appropriate inter *1228 vals that he understood the Miranda rights being read to him, did not appear confused, and that he placed his initials beside each portion on the written form to indicate that he understood. The officers further testified that Balfour appeared able to read the transcribed version of his confession, and even made typographical corrections to it. The officer who read the consent-to-search form to Balfour testified that Balfour signed it without any indication that he did not understand. The circuit court denied the motion to suppress and Balfour was convicted as charged.
The defense relies principally on T.S.D. v. State, 741 So.2d 1142 (Fla. 3d DCA 1999), which it contends is so factually similar as to be controlling here. T.S.D., however, involved a 12-year-old juvenile with a history of psychological problems. Balfour is a twenty-three-year-old adult. The principal difference, however, is that in T.S.D., both the defense’s expert witness and the State’s expert witness testified that T.S.D. was unable to understand his right to have an attorney present at the time he offered his confession. Here, it was solely the defense’s expert witness who opined as to Balfour’s difficulties in understanding his rights. The trial court was free to, and did, reject the defense expert’s testimony and accepted the testimony of the State’s witnesses as clear and convincing evidence that Balfour understood his rights and voluntarily and knowingly waived them. See Viovenel v. State, 581 So.2d 930 (Fla. 3d DCA 1991)(trial court free to reject expert testimony); Collins v. State, 431 So.2d 225 (Fla. 4th DCA 1983)(trier of fact may find expert testimony adequately rebutted by lay testimony); Nettles v. State, 409 So.2d 85 (Fla. 1st DCA 1982)(trial court has discretion to accept or reject the opinion of an expert even though it is uncontroverted); Trolinger v. State, 300 So.2d 310 (Fla. 2d DCA 1974)(expert testimony is not binding on trier of fact).
Our review of the record leads us to conclude that the State met its burden of demonstrating that Balfour understood and waived his Miranda rights, and freely and knowingly gave consent to search his home. Balfour’s convictions are affirmed.
We add that the Florida Supreme Court has accepted for review the following question as being one of great public importance:
DOES THE CRIME OF ATTEMPTED SECOND-DEGREE MURDER EXIST IN FLORIDA?
Brown v. State, 733 So.2d 598 (Fla. 5th DCA), revieiv granted, 744 So.2d 452 (Fla. 1999). In order that like cases be treated alike, we certify that same question. See also Gantorius v. State, 761 So.2d 488 (Fla. 3d DCA 2000); Marti v. State, 756 So.2d 224 (Fla. 3d DCA 2000); Rivero v. State, 752 So.2d 1244 (Fla. 3d DCA 2000).
Affirmed; question certified.