780 So.2d 258 (2001)
Gabriel Jock KENON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D97-3558.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
*259 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.

ON REMAND FROM THE SUPREME COURT
SAWAYA, J.
Gabriel Jock Kenon (Kenon) was adjudicated guilty of attempted second-degree murder with a firearm and sentenced as a violent habitual offender to life imprisonment with a fifteen-year minimum mandatory term and an additional three-year mandatory term for use of the firearm. He was also adjudicated guilty of attempted first-degree murder of a law enforcement officer with a firearm and sentenced as a habitual violent felony offender to life imprisonment with a fifteen-year minimum mandatory term of incarceration and an additional three-year mandatory term for use of the firearm. The trial court determined that these two criminal offenses arose out of separate episodes and, therefore, ordered that the two sentences be served consecutively. Kenon was also convicted of carrying a concealed firearm and possession of a firearm by a convicted felon and sentenced to five years' imprisonment for each conviction to be served concurrently with each other and with the life sentences.
Kenon raises the following issues which we consider in this order: (1) whether the crime of attempted second-degree murder exists under Florida law; (2) whether the sentence for attempted first-degree murder of a law enforcement officer must be pursuant to the guidelines; (3) whether the mandatory minimum terms imposed for each attempted murder charge must run concurrently; and (4) whether the scoresheet contains errors which require Kenon to be resentenced pursuant to a corrected scoresheet.[1]
The first issue has been decided by the Florida Supreme Court in Brown v. State, 25 Fla. L. Weekly S792, 2000 WL 1472598, ___ So.2d ___ (Fla. Oct. 5, 2000) (approving this court's decision in Brown v. State, 733 So.2d 598 (Fla. 5th DCA 1999)), wherein the court held that "the crime of attempted second-degree murder does exist in Florida." See State v. Brady, 745 So.2d 954 (Fla.1999). Thus we affirm Kenon's conviction for attempted second-degree murder.
Regarding the second issue, Kenon argues that pursuant to section 775.0823, Florida Statutes (1997), he must receive a guideline sentence for the offense of attempted first-degree murder of a law enforcement officer. He contends, therefore, that he could not be sentenced as a habitual violent felony offender for that offense. Section 775.0823 provides in pertinent part:

*260 Any provision of law to the contrary notwithstanding, the Legislature does hereby provide for an increase and certainty of penalty for any person convicted of a violent offense against any law enforcement or correctional officer ... as follows:
. . . .
(2) For attempted murder in the first degree as described in s. 782.04(1), a sentence pursuant to the sentencing guidelines.
We disagree with Kenon and conclude that these statutory provisions do not prohibit imposition of an enhanced sentence as a habitual violent felony offender. Decisions of this court and others have upheld the imposition of a habitual sentence for violation of various provisions of section 775.0823 which provide for "a sentence pursuant to the guidelines." See Wiley v. State, 743 So.2d 1137 (Fla. 1st DCA 1999) (upholding the imposition of habitual sentence for attempted third-degree murder of a law enforcement officer; reversing and remanding on a different issue); Steverson v. State, 712 So.2d 407 (Fla. 2d DCA 1998) (upholding the habitual violent offender sentence imposed for attempted second-degree murder of a law enforcement officer); Stevens v. State, 691 So.2d 622 (Fla. 5th DCA 1997), affirmed, 714 So.2d 347 (Fla.1998) (reversing the sentence imposed for the offense of attempted second-degree murder of a law enforcement officer and holding that since the trial court previously determined the defendant was a habitual violent felony offender, on remand for resentencing, the trial court could impose the enhanced sanctions); see also Ward v. State, 765 So.2d 299 (Fla. 5th DCA 2000)[2] (upholding imposition of a non-guidelines sentence as a prison releasee reoffender for the offense of attempted first-degree murder of a law enforcement officer). We, therefore, conclude that imposition of enhanced penalties on Kenon as a violent habitual felony offender for the crime of attempted first-degree murder of a law enforcement officer is appropriate.
With respect to the third issue, the trial court sentenced Kenon, for each attempted murder conviction, to a life sentence with a minimum term of three years based upon section 775.087(2), Florida Statutes (1997), as well as a minimum fifteen-year term based upon section 775.084(4)(b), Florida Statutes (1997). However, it is unclear from the record whether the trial court directed the minimum mandatory sentences for each life sentence to run concurrently or consecutively. Because the two minimum mandatory sentences are enhancements and arise out of the same criminal offense, they must be served concurrently to each life sentence. See Jackson v. State, 659 So.2d 1060 (Fla.1995); Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993) (holding, based upon Daniels v. State, 595 So.2d 952 (Fla.1992), that for crimes arising out of a single criminal episode, minimum mandatory sentences must run concurrently rather than consecutively). Thus, the judgment *261 regarding Kenon's sentence for the attempted first-degree murder conviction must be clarified by the trial court to reflect that each minimum mandatory term is to be served concurrently with the other and with the life sentence imposed for that charge. The same correction must be made with respect to the sentence imposed for the attempted second-degree murder conviction.
The final issue we address concerns the alleged scoresheet errors. Our conclusion that imposition of a violent habitual offender sentence for each attempted murder conviction is appropriate renders the guidelines inapplicable. See § 775.084(4)(g), Fla. Stat. (1997) ("A sentence imposed under this section is not subject to s. 921.001."); see also Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000). At best, the scoresheet errors raised by Kenon are harmless errors. See Isom v. State, 750 So.2d 734 (Fla. 3d DCA 2000) (holding that scoresheet error, even if they affected the recommended range, were harmless since the defendant was given a life sentence as a habitual offender); Boyd v. State, 687 So.2d 1389 (Fla. 4th DCA 1997) (concluding that scoresheet error was harmless since the trial court imposed the maximum sentence allowable for a habitual violent offender).
With respect to the convictions for carrying a concealed firearm and possession of a firearm by a convicted felon, although correcting the errors on the scoresheet would reduce Kenon's total points, it would not affect his sentence for those two convictions in light of the life sentences he received for the attempted murder charges and the trial court's pronouncement at sentencing to punish Kenon's conduct "in the strongest possible way allowed by the law." See Rubin v. State, 734 So.2d 1089 (Fla. 3d DCA 1999) (holding that scoresheet errors are harmless if, after reducing the total points, the trial court would impose the same sentence). Because the scoresheet errors are harmless, we need not discuss them any further.
We, therefore, affirm Kenon's sentences imposed for carrying a concealed firearm, possession of a firearm by a convicted felon, and his conviction for attempted second-degree murder with a firearm. We also affirm the consecutive life sentences imposed on Kenon for the two attempted murder offenses, but remand this case to the trial court to enter an amended sentencing order declaring that the minimum mandatory sentences for each offense must be served concurrently to each other.
AFFIRMED; REMANDED for entry of an amended sentencing order consistent with this opinion.
HARRIS and PLEUS, JJ., concur.
NOTES
[1] This is not the first time this court has considered these issues. Kenon's first appeal to this court in 1998 resulted in a per curiam affirmance with citation to Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998) (holding that unpreserved sentencing errors are not cognizable on appeal). Kenon v. State, 724 So.2d 716 (Fla. 5th DCA 1999). Kenon was quashed by the Florida Supreme Court and remanded to this court for reconsideration in light of Maddox v. State, 760 So.2d 89 (Fla. 2000). Kenon v. State, 764 So.2d 575 (Fla. 2000). Pursuant to the supreme court's decision in Maddox, we find the issues advanced by Kenon raise unpreserved fundamental errors that allow us to consider these issues on direct appeal for the first time.
[2] In Ward, the defendant was convicted of, among other offenses, attempted first-degree murder of a law enforcement officer in violation of section 775.0823(2). The trial court sentenced the defendant for that offense to life imprisonment both as a prison releasee reoffender and a violent habitual felony offender. On appeal this court held that imposition of both enhanced sentences for the commission of the same crime violated double jeopardy. Thus this court vacated the sentence as a habitual violent offender and approved the sentence as a prison releasee reoffender. Subsequent to our decision in Ward, the Florida Supreme Court decided Grant v. State, 770 So.2d 655 (Fla.2000) wherein the court held that imposition of equal concurrent sentences as a prison releasee reoffender and as a habitual felony offender are prohibited because it violates the Prison Releasee Reoffender Punishment Act, not because such a sentence violates double jeopardy. Thus we cite Ward for the proposition that if enhanced penalties may be imposed for the crime of attempted first-degree murder of a law enforcement officer because the defendant qualifies as a prison releasee reoffender (a non-guidelines sentence), an enhanced sentence as a violent habitual felony offender (also a non-guidelines sentence) would likewise be appropriate.