ERVIN, J.
Appellant, Henry Barnum, appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, wherein he claimed that a supreme court decision, Thompson v. State, 695 So.2d 691 (Fla.1997), should be retroactively applied to reverse his judgment and sentence for attempted murder of a law-enforcement officer. We conclude that Barnum is entitled to relief under Moreland v. State, 582 So.2d 618 (Fla.1991), on the basis of fundamental fairness.
Barnum was convicted of attempted first-degree murder of a law-enforcement officer in violation of sections 782.04(l)(a)(l), 777.04(1), and 784.07(3), Florida Statutes (1991). Section 784.07(3) reclassified attempted murder from a first-degree felony to a life felony if the victim was performing his or her duties as a law-enforcement officer.[1] Section 775.0825, Florida Statutes (1991), provided that any person who was convicted under section 784.07(3) must serve a 25-year minimum-mandatory sentence before becoming eligible for parole. The evidence at trial showed that on July 13, 1992, Florida Highway Patrol Trooper Roy Swatts was spending the night in a Tallahassee hotel when he heard a car being burglarized in the parking lot. He went outside in civilian clothing and confronted two men, Barnum and Henry Lynn. He told them he was an officer, but he did not display his badge. Barnum testified that he did not believe the man was a police officer.
*373 In 1991, this court had indicated that knowledge of an officer’s status was not an essential • element of section 784.07(3), when it held that the provision was not unconstitutionally vague for failing to include a requirement that the defendant knew the victim was a law-enforcement officer. Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991). Barnum was convicted in 1993 and sentenced to 27 years for attempted murder with the 25-year minimum-mandatory sentence under section 775.0825. His attorney did not raise the knowledge issue at trial, but it was a disputed fact and appellant asserted fundamental error on appeal, because the state had failed to prove as an essential element that he knew the victim was a law-enforcement officer.[2]
While Barnum’s appeal was pending, the Fifth District held that knowledge is an essential element of the crime. Grinage v. State, 641 So.2d 1362 (Fla. 5th DCA 1994). In Barnum’s appeal, this court affirmed the attempted-murder conviction without discussion of the knowledge issue, but reversed on another issue not pertinent to the instant case. Barnum v. State, 662 So.2d 968 (Fla. 1st DCA 1995). In a motion for rehearing, Barnum asked for a certified question on the knowledge issue, but this court denied the motion and issued mandate on December 20, 1995.
The Third District subsequently agreed with Carpentier and held in Thompson v. State, 667 So.2d 470 (Fla. 3d DCA 1996), that knowledge is not an element under section 784.07(3). The supreme court accepted jurisdiction to resolve the conflict and approved Grinage in Thompson v. State, 695 So.2d 691 (Fla.1997), holding that knowledge of the victim’s status as a law-enforcement officer is a necessary element of the offense. The court reasoned that section 784.07(2), pertaining to assault or battery upon a law-enforcement officer, expressly required the state to prove that the offense was “knowingly” committed upon an officer, and it would be “illogical and unreasonable” to dispense with such element when proving attempted murder of an officer under subsection (3). Id. at 692.
Barnum timely filed the instant 3.850 motion on December 19, 1997. He claimed he was denied due process under Thompson, because the jury was not asked to determine whether he knew the victim was a law-enforcement officer. He also claimed his trial counsel was ineffective by failing to request a jury instruction on knowledge as an essential element.
The following year, while Barnum’s 3.850 motion was pending, the Fourth District refused to apply Thompson retroactively in Sweeney v. State, 722 So.2d 928 (Fla. 4th DCA 1998). The court analyzed Thompson under Witt v. State, 387 So.2d 922 (Fla.1980), and concluded that the supreme court in Thompson had “merely applied principles of statutory construction in holding that the statute implicitly requires a factual finding that the defendant have knowledge of the victim’s status,” and thus the decision was not constitutional in nature, and would not apply on collateral review. Sweeney, 722 So.2d at 931.
Various procedural impediments delayed an evidentiary hearing on Barnum’s 3.850 motion until February 23, 2001. The prosecutor conceded that knowledge had been a disputed element in Barnum’s trial. The trial court nevertheless denied Barnum’s 3.850 motion, ruling that in the absence of a decision from this court or the supreme court, it was bound to follow the Fourth District’s decision in Sweeney; conse *374 quently, Thompson could not be considered retroactive, nor could trial counsel be deemed ineffective for failing to anticipate a change in the law.
We decline to follow Sweeney in this case, because the Fourth District did not consider Moreland v. State, 582 So.2d 618 (Fla.1991), which we find controlling. The supreme court stated in Moreland that fundamental fairness may require the retroactive application of a decision, even when a Witt analysis might favor finality. Moreland was convicted of first-degree murder and sentenced to life in prison. He claimed at trial and on appeal that African Americans had been unconstitutionally excluded from his jury pool pursuant to an administrative order dividing Palm Beach County into eastern and western jury districts. While his appeal was before the Fourth District, a defendant who was convicted of murder and sentenced to death in Palm Beach County raised the same issue on appeal to the supreme court. After the Fourth District affirmed Moreland’s conviction and sentence without an opinion, the supreme court issued Spencer v. State, 545 So.2d 1352 (Fla.1989), holding that the jury districts in Palm Beach County were unconstitutional.
Moreland filed a motion under rule 3.850, asking to have his conviction and sentence vacated under Spencer. The trial court applied Spencer retroactively, but the Fourth District concluded that it was an evolutionary refinement under Witt that could not be made retroactive. The supreme court agreed that Spencer was not a major jurisprudential change, but nevertheless reversed, stating that it would apply the case to Moreland’s situation based upon fundamental fairness and uniformity of adjudications. “If Moreland had been sentenced to death, he would have appealed to this Court, rather than the district court, and would have obtained the same relief as Spencerf,]” and it would be fundamentally unfair to deny the same relief to Moreland “because his sentence directed his appeal to a court other than this one.” Moreland, 582 So.2d at 620. Accord Fannin v. State, 751 So.2d 158 (Fla. 2d DCA 2000); Benedit v. State, 610 So.2d 699 (Fla. 3d DCA 1992).
In the case at bar, if this court had certified conflict with Grinage in Barnum’s direct appeal, the supreme court could have considered Barnum’s case, decided it in the manner it did Thompson, and remanded for a new trial. We therefore reverse, and certify conflict with Sweeney.
In deciding this case, we have considered State v. Klayman, 835 So.2d 248 (Fla.2002), and Bunkley v. State, 833 So.2d 739 (Fla.2002), in which the court explained that supreme court decisions that “clarify” statutory law apply to all cases, pending or final, while decisions that “change” the law require a Witt analysis. We are unable to reconcile Thompson with either category. Section 784.07(3) did not contain broad terms evincing that the legislature expected the courts to engage in judicial construction, but instead used language that was intended to include a knowledge requirement from the date of the law’s enactment, which, under Klayman, would indicate that the court in Thompson was simply clarifying the meaning of the statute.[3] Yet the court also stated that when deciding the applicability of a decision to *375 final cases, a “key consideration” is whether prior ease law shows that the lower courts were imposing criminal sanctions under the statute in question where none were intended. Klayman, 885 So.2d at 254; Bunkley, 838 So.2d at 745. As examples of decisions that clarified rather than changed the law, the court cited cases in which it could be readily determined from the record that the convictions or sentences had been imposed contrary to the statutes in question as a matter of law, and did not involve factually disputed matters. Klayman, 835 So.2d at 254, n. 8 & 12. In contrast, it cannot be said in this case that the trial court imposed a criminal sanction where none was intended, because the jury might have convicted Barnum of attempted murder of a law-enforcement officer if it had been properly instructed.
Nevertheless, we certify the following question as one of great public importance:
WHETHER THE ANALYSIS OF STATE v. KLAYMAN, 835 So.2d 248 (Fla.2002), APPLIES WHEN AN ISSUE THAT THE SUPREME COURT HAS CLARIFIED REQUIRES RESOLUTION OF A DISPUTED FACTUAL MATTER?
We REVERSE and REMAND for either a new trial or entry of a conviction for the lesser-included offense of attempted murder and resentencing.
BROWNING, J., concurs; BOOTH, J., dissents with opinion.

. Section 784.07(3) provided:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
This provision, enacted in 1988, was rewritten in 1995 and no longer addresses attempted murder of a law-enforcement officer. Ch. 95-184, § 20, at 1710-11, Laws of Fla.

. See Reed v. State, 837 So.2d 366 (Fla.2002) (stating that failure to instruct on an essential element of a crime is fundamental error if such element was a disputed issue at trial).

. If the legislature employs terms with broad or fluid meanings, such as "careful and prudent," "reasonable,” and "probable cause,” which may encompass different conduct over the course of time, then a decision interpreting the law is considered an evolutionary refinement that is not applied retroactively. Klayman, 835 So.2d at 253, n. 10; Bunkley, 833 So.2d at 745, n. 14.