# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-256
Lower Tribunal No. F13-22181
_____

**Ryan Denard Lee,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

HENDON, J.

Ryan Denard Lee appeals from a final judgment of conviction and sentence for second degree murder with a firearm. We affirm in part and reverse in part.

Lee was charged with the second degree 2013 murder of Yves Sanon, a/k/a "Big." Lee asserted the defense of self-defense and testified at his trial, where conflicting evidence and testimony was presented regarding who was the initial aggressor. The jury found Lee guilty of second-degree murder with a firearm, and guilty of unlawful possession of a weapon while engaged in a criminal offense. The trial court bifurcated the charge of possession of a firearm by a convicted felon and the jury returned a guilty verdict on that charge as well. Lee was sentenced to life with a minimum mandatory of twenty-five years on the second-degree murder with a firearm conviction, fifteen years on the unlawful possession of a firearm during a murder conviction, and fifteen years on the possession of a firearm by a convicted felon conviction with three years minimum mandatory.

On appeal, Lee argues that the trial court erred by instructing the jury using the amended 2014 instructions on the defense of justifiable use of deadly force pursuant to section 776.012, Florida Statutes, rather than the version applicable in 2013, when Lee committed the offense. After reviewing the record, we conclude the jury instructions as given were a correct

statement of the law.  In State v. Floyd, 186 So. 3d 1013, 1022 (Fla. 2016), the Florida Supreme Court quashed an appellate decision involving nearly the same disputed jury instruction issue, in which the appellate court had concluded that the jury instructions negated the defendant's sole defense of self-defense. The Florida Supreme Court disagreed. After analyzing the interplay between the justifiable use of force statute and jury instructions relating to the pre-2014 version of the statute, the Court concluded that Standard Jury Instruction (Criminal) 3.6(f) "accurately and correctly explains this law to the jury with regard to the factually complex situations where the jury must unwind the facts to determine who was the initial aggressor." Id. at 1020–21.  We affirm on this issue.

We agree, however, with Lee's argument that his conviction and sentence for use of a firearm during the commission of a felony violates double jeopardy.  Lee was convicted of second-degree murder with a firearm and use of a firearm during the course of that same offense.  Lee received a life sentence for the second-degree murder charge, which was reclassified as a life felony for use of a firearm. For the second-degree felony of engaging in a felony while possessing a firearm during the same offense, Lee received a straight fifteen-year sentence, to run concurrent with the life sentence. Where the use of a weapon is the basis for enhancing the charge of second-

degree murder to a life felony, double jeopardy bars a separate conviction and sentence for misuse of the same firearm. <u>Wimberly v. State</u>, 649 So. 2d 338, 338 (Fla. 3d DCA 1995); <u>Gantorius v. State</u>, 761 So. 2d 488, 490 (Fla. 3d DCA 2000); <u>see also</u> <u>Cleveland v. State</u>, 587 So. 2d 1145, 1146 (Fla. 1991); <u>Marmol v. State</u>, 750 So.2d 764, 766 (Fla. 3d DCA 2000); <u>Acosta v. State</u>, 738 So. 2d 487, 488 (Fla. 3d DCA 1999); <u>Vidal v. State</u>, 704 So. 2d 746 (Fla. 3d DCA 1998); <u>Sales v. State</u>, 653 So. 2d 456 (Fla. 3d DCA 1995). Accordingly, we reverse with directions that Lee's conviction and sentence for possession of a firearm during the commission of a felony be vacated. We find Lee's remaining argument regarding exclusion of the defense expert on state-of-mind to be without merit.

Affirmed in part; reversed in part and remanded with directions.